**Fill in this information to identify the case:**

United States Bankruptcy Court for the District of Delaware

Case number *(if known)*_____    Chapter _11_

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | |
|---|---|
| 1. **Debtor's name** | HCR ManorCare, Inc. |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | HCRMC Operations, LLC <br><br> HCR ManorCare, LLC |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number (EIN)** | 27-4239231 |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 333 North Summit Street <br> Number    Street | Number    Street |
| Toledo, Ohio 43604 <br> City        State    ZIP Code | City        State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Lucas <br> County | Number    Street <br><br> City    State    ZIP Code |

| | |
|---|---|
| 5. **Debtor's website (URL)** | www.hcr-manorcare.com |

| | |
|---|---|
| 6. **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding  LLP) <br> ☐ Other. Specify: _____ |

Debtor Name HCR ManorCare, Inc._____    Case number(*if known*)_____

**7.   Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    5511____

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☒ A plan is being filed with this petition.

   ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.    District _____  When _____  Case number _____
                                         MM / DD / YYYY

           District _____  When _____  Case number _____
                                         MM / DD / YYYY

**10.   Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.    Debtor _____  Relationship _____

           District _____  When _____
                                                              MM / DD  /YYYY

           Case number, if known _____

Debtor <u>HCR ManorCare, Inc.</u>                   Case number(*if known*)_____
     <sub>Name</sub>

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br><br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention? (Check all that apply.)**<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>    What is the hazard?_____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?** _____<br>    Number    Street<br>_____<br><br>_____   _____   _____<br>City             State      ZIP Code<br><br>**Is the property insured?**<br><br>☐ No<br>☐ Yes. Insurance agency _____<br><br>    Contact _____<br><br>    Phone _____ |

**▉ Statistical and administrative information**

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☒ Funds will be available for distribution to unsecured creditors.<br><br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☒ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor <u>HCR ManorCare, Inc.</u>                     Case number(*if known*)_____
       Name

| 16. | **Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>03/04/2018</u>
            MM / DD / YYYY

✗ /s/ *[signature]*                                         John R. Castellano
Signature of authorized representative of debtor           Printed name

Title <u>Chief Restructuring Officer</u>

| 18. | **Signature of attorney** | ✗ /s/ *[signature]* | Date <u>03/04/2018</u> |
|---|---|---|---|
| | | Signature of attorney for debtor | MM / DD / YYYY |

<u>Robert S. Brady</u>
Printed name

<u>Young Conaway Stargatt & Taylor</u>
Firm name

<u>1000 North King Street</u>
Number      Street

<u>Wilmington</u>                              <u>DE</u>        <u>19801</u>
City                                         State      ZIP Code

<u>(302) 571-6600</u>                          <u>rbrady@ycst.com</u>
Contact phone                                 Email address

<u>2847</u>                                    <u>Delaware</u>
Bar number                                    State

## HCR MANORCARE, INC.
## SECRETARY'S CERTIFICATE

The undersigned, Secretary of HCR ManorCare, Inc., a Delaware corporation (the "Company"), hereby certifies as follows:

1.  I am the duly qualified and elected Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify same on behalf of the Company.

2.  Attached hereto is a true and complete copy of the resolutions of the Board of Directors of the Company, duly adopted at a properly convened meeting of the Board of Directors on March 1, 2018, by vote of the directors, in accordance with the bylaws of the Company.

3.  Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof.  There exist no other subsequent resolutions of the Board of Directors of the Company relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 4th day of March, 2018.

By: _____
Name:    Richard A. Parr II
Title:    Vice President, General Counsel and Secretary

### RESOLUTIONS OF THE BOARD OF DIRECTORS OF HCR MANORCARE, INC.

WHEREAS, the Board of Directors (the "Board") of HCR ManorCare, Inc., a Delaware corporation (the "Company") has considered presentations made by the Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities, liquidity situation and prospects of the Company, the strategic alternatives available to the Company, and the effect of the foregoing on the Company's business (collectively, the "Strategic Alternatives");

WHEREAS, the Company has been in negotiations for some time with Quality Care Properties, Inc. ("QCP"), the parent of the lessors of approximately 98% of the Company's skilled nursing and assisted living facilities, pursuant to the Master Lease and Security Agreement, dated as of April 7, 2011, by and among the lessor entities and HCR III Healthcare, LLC ("HCR III"), as Lessee (as amended from time to time, the "Master Lease"), and the effect of the Company's prospects and liquidity on its ability to generate sufficient cash to meet its obligations (as guarantor) and HCR III's ability to meet its obligations as Lessee, under the Master Lease;

WHEREAS, the Board has discussed the Strategic Alternatives with the Management and the Advisors and fully considered each of those alternatives available to the Company, and has determined that it is desirable and in the best interests of the Company, the care of its patients, its creditors, stockholders, employees and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and that the Company pursue confirmation of the prepackaged chapter 11 plan of reorganization negotiated with QCP, consistent with the term sheet set forth in Exhibit A of the Plan Sponsor Agreement (as defined herein) (as such plan may be amended, modified or supplemented from time to time, the "Plan"), a form of which has been presented to the Board, in connection with a chapter 11 bankruptcy case (such bankruptcy case, the "Chapter 11 Case"), all in accordance with the terms and conditions negotiated with QCP as set forth in (a) that certain Plan Sponsor Agreement by and among the Company, QCP, HCP Mezzanine Lender, LP and certain lessors identified therein (as such agreement may be amended, modified or supplemented from time to time, the "Plan Sponsor Agreement"), and (b) that certain Restructuring Support Agreement by and among the Company, Carlyle MC Partners, L.P., Carlyle Partners V-A MC, L.P., Carlyle Partners V MC, L.P., CP V Coinvestment A, L.P., CP V Coinvestment B, L.P. and MC Operations Investments, LLC (as such agreement may be amended, modified or supplemented form time to time, the "Restructuring Support Agreement), the material terms of which have been presented to the Board; and

WHEREAS, in connection with the Plan, the Company will be required to enter into certain ancillary agreements (the "Ancillary Agreements") contemplated by the Plan Sponsor Agreement or otherwise necessary to effectuate the transactions and purposes specified in the Plan Sponsor Agreement and the Restructuring Support Agreement (such Ancillary Agreements together with the Plan, the Plan Sponsor Agreement and the Restructuring Support Agreement, the "Plan Documents"), including the following documents:

1. The Settlement Agreement between the Company and Paul Ormond, the material terms of which have been presented to, discussed with and heretofore reviewed by the Board;

2.  each Separation Agreement between the Company and an Eligible Employee (as defined in the Plan Sponsor Agreement) the material terms of which have been presented to, discussed with and heretofore reviewed by the Board; and

3.  any and all other certificates, instruments, documents or agreements deemed necessary or desirable by any of the Authorized Officers (as defined herein) or contemplated by or required in connection with the consummation of the transactions contemplated by the Plan Documents; and

NOW THEREFORE, be it hereby:

RESOLVED, that the Board has determined that it is advisable and in the best interests of the Company to enter into each of the Plan Documents, consummate the Plan, and consummate the other transactions contemplated by each of the foregoing, on the terms and subject to the conditions set forth in the Plan Sponsor Agreement and the Restructuring Support Agreement;

RESOLVED FURTHER, that each of the Plan Documents, the material terms of which have been presented to, discussed with and reviewed by the Board, and the transactions contemplated thereby, be, and they hereby are, authorized, approved, and adopted;

RESOLVED FURTHER, that the Board has determined that it is desirable and in the best interests of the Company, the care of its patients, its creditors, its employees, and other parties in interest that the Company file or cause to be filed a voluntary petition for relief under the provisions of the Bankruptcy Code;

RESOLVED FURTHER, that the Company be, and it hereby is, authorized to file or cause to be filed a voluntary petition for relief under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or other court of competent jurisdiction;

RESOLVED FURTHER, that any individual duly appointed by the Board as the President, Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, General Counsel, Secretary, Treasurer, or Chief Restructuring Officer (each, an "Authorized Officer" and together, the "Authorized Officers") be, and each hereby is, authorized and empowered to enter into, in the name of and on behalf of the Company, the Plan Documents, the material terms of which have been presented, discussed with and reviewed by the Board, in each case with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof, and to take any and all actions necessary or advisable to advance the Company's rights and obligations therein;

RESOLVED FURTHER, that each of the Authorized Officers be, and each hereby is, authorized and empowered to execute and deliver, in the name of and on behalf of the Company, any amendment to a Plan Document and any and all other agreements, instruments, amendments or supplements as may be necessary or desirable to effect the Plan, or as such Authorized Officer or Authorized Officers may deem necessary or advisable, such determinations to be conclusively evidenced by an Authorized Officer's execution and delivery thereof;

RESOLVED FURTHER, that the law firm of Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, be, and hereby it is, retained and employed as attorneys for the Company in connection with the prosecution of the Chapter 11 Case;

RESOLVED FURTHER, that the law firm of Young Conaway Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, be, and it hereby is, retained and employed as Delaware attorneys for the Company in connection with the prosecution of the Chapter 11 Case;

RESOLVED FURTHER, that the investment banking firm of Moelis & Company LLC, 399 Park Avenue, 5th Floor, New York, New York 10022, be, and hereby it is, retained and employed as investment bankers for the Company in connection with the Chapter 11 Case;

RESOLVED FURTHER, that the financial advisory firm of AP Services, LLC, 909 Third Avenue, New York, New York 10022, be, and hereby it is, retained and employed as financial advisors for the Company in connection with the Chapter 11 Case;

RESOLVED FURTHER, that each of the Authorized Officers be, and each of them hereby is, authorized to employ and retain legal counsel, financial advisors, accountants and other professionals, on behalf of the Company, to advise the Company in connection with the Chapter 11 Case;

RESOLVED FURTHER, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered to execute and file on behalf of, and in the name of the Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business;

RESOLVED FURTHER, that each of the Authorized Officers be, and each of them hereby is, authorized and directed on behalf of, and in the name of, the Company to take such actions to make, sign, execute, acknowledge and deliver (and record in the relevant office of the secretary of state or the county clerk, if necessary) any and all such documents and agreements listed above (including exhibits thereto), including any and all affidavits, orders, directions, certificates, requests, receipts, or other instruments as may reasonably be required to give effect to the foregoing resolutions and the consummation of the transactions contemplated thereby, and to execute and deliver such agreements (including exhibits thereto) and any and all other agreements, instruments, amendments, documents or supplements as may be necessary or desirable to effect the foregoing resolutions and the Chapter 11 Case, and to fully perform the terms and provisions thereof;

RESOLVED FURTHER, that each Authorized Officer, any one of whom may act without the joinder of any of the others, is hereby authorized in the name and on behalf of the Company to take all such further actions, including, but not limited to, (i) the negotiation of such additional agreements, amendments, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the negotiation

3

of such changes and additions to any agreements, amendments, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates currently existing, (iii) the execution, delivery and filing (if applicable) of any of the foregoing and (iv) the payment of all fees, consent payments, taxes, indemnities and other expenses as any such Authorized Officer may approve or deem necessary, appropriate or advisable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Officer deemed the same to be so necessary, appropriate or advisable; and that all such actions, executions, deliveries, filings and payments taken or made at any time in connection with the transactions contemplated by the foregoing resolutions hereby are approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as if specifically set out in these resolutions;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized to bind the Company for the purposes of the resolutions herein;

RESOLVED FURTHER, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as required by the Bylaws of the Company, or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, adopted, confirmed and ratified in all respects as the true acts and deeds of the Company with the same force and effect as if each such act, action, or transaction had been specifically authorized in advance by resolution of the Board.

**Fill in this information to identify the case:**

Debtor name <u>HCR ManorCare, Inc.</u>

United States Bankruptcy Court for the: _____ District of <u>Delaware</u>
                                                                                    (State)

Case number (If known): _____

☐ Check if this is an amended filing

The following list of creditors ("List of Creditors") has been prepared from the unaudited books and records of HCR ManorCare, Inc. (the "Debtor"). The List of Creditors reflects estimated amounts owed by the Debtor as of the Petition Date. It was produced from the books and records of the Debtor as of the close of business on March 2, 2018. The List of Creditors does not include any person or entity who is now, or formerly was, an "insider" of the Debtor as that term is defined in 11 U.S.C. § 101(31). The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtor. Moreover, nothing herein shall affect the Debtor's right to challenge the amount or characterization of any claim at a later date. The Debtor's failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtor's right to contest the validity, priority and/or amount of any such claim.

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Quality Care Properties, Inc.[1] 7315 Wisconsin Ave Suite 250-W Bethesda, MD 20814 | Name: David Haddock, Esq. Telephone: (240) 223-4680 Email: d.haddock@qcpcorp.com | Real Property Lease Obligations | | $445,796,590 | Undetermined | Undetermined |
| 2 | David Howard, Individually and on behalf of the Wrongful Death Beneficiaries of Donald Lee Howard c/o McHugh Fuller Law Group PLLC 97 Elias Whiddon Rd Hattiesburg, MS 39402 | Michael J Fuller, Esq. Telephone: (800) 939-5580 Email: mike@mchughfuller.com | Litigation | C,U,D | | | Undetermined |
| 3 | Joseph Grasso, Executor of the Estate of Mary Grasso, Joseph Grasso, individually, William Grasso, individually c/o Dworken & Bernstein 60 South Park Place Painesville, Ohio 44077 | Patrick Murphy Telephone: (440) 946-7656 Email: pmurphy@dworkenlaw.com | Litigation | C,U,D | | | Undetermined |
| 4 | Clara J. Columbus, as Next of Kin of Richard E. Columbus, Deceased and on Behalf of all Wrongful Death Survivors of the Decedent c/o Maples, Nix and Diesselhorst, PLLC 15401 N. May Avenue Edmond, OK 73103 | Ray Maples Telephone: (800) 539-0652 Email: ray@mndlawfirm.com | Litigation | C,U,D | | | Undetermined |
| 5 | Lorraine F. Brosius, as Executrix for the Estate of William B. Brosius, deceased c/o Wilkes & McHugh 1601 Cherry Street, Suite 1300 Philadelphia, PA  19102 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 6 | Eugene T. Adkins by and through Glen J. Adkins, Attorney-in-Fact c/o Wilkes & McHugh, P.A. One North Dale Mabry, Suite 800 Tampa, FL 33610 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |

[1] The claim asserted by Quality Care Properties, Inc. ("QCP") is asserted on behalf of itself and each of the other QCP-affiliated "Lessors" under that certain Master Lease and Security Agreement, dated as of April 7, 2011 (as amended from time to time, the "MLSA"), by and among the Lessors and non-debtor HCR III Healthcare, LLC ("HCR III"). The Debtor guarantees HCR III's obligations under the MLSA pursuant to that certain Guaranty of Obligations, effective as of February 11, 2013, as amended or modified from time to time.

Debtor    HCR ManorCare, Inc. _____    Case number (*if known*) _____
                  Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7    Marika Delgado, Personal Representative of the Estate of Sandra Shaw c/o Wilkes & McHugh 2355 E. Camelback Rd, Suite 910 Phoenix, AZ 85016 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 8    Kimberly Kallas c/o Lawrence Raymond Bach 50 S Main Street Akron, OH  44308 | Lawrence Bach Telephone: (234) 281-4949 Email: jbach@rlbllp.com | Litigation | C,U,D | | | Undetermined |
| 9    Douglas McCalister, as Administrator for the Estate of Donald E. McCalister c/o Wilkes & McHugh 1601 Cherry Street, Suite 1300 Philadelphia, PA  19102 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 10    Ronald A. Samsel and Richard J. Samsel, as Co-Administrators of the Estate of Mary A. Samsel, deceased c/o Wilkes & McHugh 1601 Cherry Street, Suite 1300 Philadelphia, PA  19102 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 11    Jeffrey Stone, as administrator of the estate of Rachel Stone, deceased c/o Wilkes & McHugh, P.A. 429 North Broadway Lexington, KY 40588-1747 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 12    The Estate of Bryan L. Slattery by and through EM Micki Slattery, Personal Representative c/o Wilkes & McHugh, P.A. One North Dale Mabry, Suite 800 Tampa, FL 33610 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 13    Margaret Ann Haney, as Executrix for the Estate of Lillian J. Kuntz, deceased c/o Wilkes & McHugh 437 Grant St. Pittsburgh, PA 15219 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 14    Kecia L. Johnson, as Administrator of the Estate of William Henry Johnson, Jr., deceased c/o Wilkes & McHugh 1601 Cherry Street, Suite 1300 Philadelphia, PA  19102 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 15    John M. Starr, as Administrator of the Estate of Catherine J. Starr, Deceased c/o Wilkes & McHugh 1601 Cherry Street, Suite 1300 Philadelphia, PA  19102 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 16    Norman J. Brinton, by and through his Attorney-in-Fact, Joan D. Brinton c/o Wilkes & McHugh 1601 Cherry Street, Suite 1300 Philadelphia, PA  19102 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 17    Lorraine L. Davis, Executrix of the Estate of John L. Hudson c/o Wilkes & McHugh 1601 Cherry Street, Suite 1300 Philadelphia, PA  19102 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 18    Sandra L. Stutzman, by and through her Attorney-in-Fact, Ann R. Russell c/o Wilkes & McHugh 1601 Cherry Street, Suite 1300 Philadelphia, PA  19102 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 19    The Estate of Aida J. Peon, by and through Mary Ann Torrens, personal representative c/o Wilkes & McHugh, P.A. One North Dale Mabry, Suite 800 Tampa, FL 33610 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 20    The Estate of Arthur Hoddick, by and through Andrew B. Hoddick, PR c/o Wilkes & McHugh, P.A. One North Dale Mabry, Suite 800 Tampa, FL 33610 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |

Debtor    HCR ManorCare, Inc._____    Case number (if known) _____
      Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 Bridget M. Whitley, Administrator Pendente Lite for the Estate of Richard M. McVey, deceased c/o Wilkes & McHugh 1601 Cherry Street, Suite 1300 Philadelphia, PA 19102 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 22 Walter W. Jackson, as PR of the Estate of Phyllis W. Jackson, deceased c/o Connor & Connor 224 Park Ave SE Aiken, SC 29801 | Ken Connor Telephone: (800) 226-0543 Email: ken@theconnorfirm.com | Litigation | C,U,D | | | Undetermined |
| 23 Colleen Bennett, as Independent Administrator of the Estate of Mary Parejko, deceased c/o LEVIN & PERCONTI 325 North LaSalle Street, Suite 450 Chicago, IL 60654 | Steven M. Levin Telephone: Email: sml@levinperconti.com | Litigation | C,U,D | | | Undetermined |
| 24 Keesha Lane, as Administratrix of the Estate of Bobby Lane, Sr. c/o Reddick Moss 1500 JFK Blvd., Suite 1145 Philadelphia, PA 19106 | Brent Moss, Esq Telephone: (877) 907-7790 Email: brent@reddickmoss.com | Litigation | C,U,D | | | Undetermined |
| 25 Judy Wolf-Bolton, Administratrix of the Estate of Lynn Wolff c/o Stebner and Associates 870 Market Street, Suite 1212 San Francisco, CA 94102 | Kathryn Stebner Telephone: (800) 610-9641 Email: kathryn@stebnerassociates.com | Litigation | C,U,D | | | Undetermined |
| 26 Sheila J. Dillard, Attorney-in-Fact for Dorothy J. Winkfield c/o Wilkes & McHugh 437 Grant St. Pittsburgh, PA 15219 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 27 Neil F. Braun, as Executor for the Estate of Kathleen M. Braun c/o Wilkes & McHugh 1601 Cherry Street, Suite 1300 Philadelphia, PA 19102 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 28 Dora McGill, as Executor for the Estate of James McGill c/o Wilkes & McHugh, P.A. 429 N. Broadway Lexington, KY40588-1747 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 29 Barbara L. Clauser, Attorney-in-Fact for Willard F. Gower c/o Wilkes & McHugh 1601 Cherry Street, Suite 1300 Philadelphia, PA 19102 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |
| 30 Carol A. Rennick, Attorney-in-Fact for Joanna Dronick c/o Wilkes & McHugh 1601 Cherry Street, Suite 1300 Philadelphia, PA 19102 | Tim McHugh Telephone: (813) 873-0026 Email: timothy@wilkesmchugh.com | Litigation | C,U,D | | | Undetermined |

---

**Fill in this information to identify the case and this filing:**

Debtor Name  HCR ManorCare, Inc.

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

---

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | Declaration and signature |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B*: Assets--Real and Personal Property (Official Form 206A/B)

☐  *Schedule D*: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  *Schedule E/F*: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  *Schedule G*: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  *Schedule H*: Codebtors (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  *Amended Schedule* ____

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/04/2018          x _____
MM / DD / YYYY                     Signature of individual signing on behalf of debtor

John R. Castellano
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| HCR MANORCARE, INC., | Case No. 18-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following list identifies all corporations, other than a governmental unit, which directly or indirectly own 10% or more of any class of equity interests in the above-captioned debtor and debtor in possession:

- Carlyle Partners V MC, L.P.

- Carlyle MC Partners, L.P.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
<tr><td colspan="2">Debtor Name  HCR ManorCare, Inc.</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: _____ District of  Delaware ____<br>                                                                                    (State)</td></tr>
<tr><td colspan="2">Case number (<em>If known</em>): _____</td></tr>
</table>

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors

<span style="float:right">12/15</span>

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B*: Assets–Real and Personal Property (Official Form 206A/B)

☐ *Schedule D*: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ *Schedule E/F*: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ *Schedule G*: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ *Schedule H*: Codebtors (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration   Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   03/04/2018                      x _____
              MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                                John R. Castellano
                                                Printed name

                                                Chief Restructuring Officer
                                                Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| HCR MANORCARE, INC., | Case No. 18-_____ (____) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

      Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity securities of the above-captioned debtor and debtor in possession.

| Name and Last Known Address or Place of Business of Holder | Kind of Interest | Number of Securities |
|---|---|---|
| Adams, Paula<br>12132 Turnberry Drive<br>Rancho Mirage, CA 92270 | Common Shares | 2,964 |
| Allegretti, Peter<br>601 Golden Rod Way<br>St. Mary's, GA 31558 | Common Shares | 3,459 |
| Allen, Martin<br>7151 Whispering Oak<br>Sylvania, OH 43560 | Common Shares | 4,941 |
| Arrendale, Deb<br>393 12th Avenue<br>Indian Rocks Beach, FL 33785 | Common Shares | 3,459 |
| Barker, Tammy<br>4521 Sutton Road<br>Britton, MI 49229 | Common Shares | 1,976 |
| Beckert, Julie<br>3911 Buell Avenue<br>Toledo, OH 43613 | Common Shares | 1,976 |
| Carlyle MC Partners, L.P.<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004-2505 | Common Shares | 6,908,455 |
| Carlyle Partners V MC, L.P.<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004-2505 | Common Shares | 26,089,114 |
| Carlyle Partners V-A MC, L.P.<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004-2505 | Common Shares | 527,141 |

| Name and Last Known Address or Place of Business of Holder | Kind of Interest | Number of Securities |
|---|---|---|
| Cavanaugh, Steve<br>9036 Sand Ridge Drive<br>Holland, OH 43528 | Common Shares | 366,657 |
| Chenevert, Bill<br>7120 East Snyder Road<br>Tucson, AZ 85750 | Common Shares | 4,941 |
| Clark, Ellen<br>8001 Bridgehampton Drive<br>Waterville, OH 43566 | Common Shares | 1,976 |
| CP Coinvestment A, L.P.<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004-2505 | Common Shares | 1,015,490 |
| CP V Coinvestment B, L.P.<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004-2505 | Common Shares | 129,357 |
| Davidson, Karen<br>612 W. Magnolia<br>Pana, IL 62557 | Common Shares | 1,976 |
| Edwards, Nancy<br>9261 Lerwick Drive<br>Dublin, OH 43017 | Common Shares | 9,882 |
| Ferguson, Mike<br>2612 Evergreen Road<br>Toledo, OH 43606 | Common Shares | 4,941 |
| Gloth, Mark<br>2322 Hidden Brook Road<br>Finksburg, MD 21048 | Common Shares | 3,459 |
| Gluch, Lynda<br>8740 Paulina Avenue<br>Grosse Ile, MI 48138 | Common Shares | 1,976 |
| Godla, Larry<br>132 Birchside Circle<br>Locust Grove, VA 22508 | Common Shares | 3,459 |
| Grabijas, Martin<br>2682 Ravine Side North<br>Howell, MI 48843 | Common Shares | 3,953 |
| Graham, John<br>3547 Hill River Drive<br>Toledo, OH 43615 | Common Shares | 7,412 |
| Guillard, Stephen<br>78 Tilipi Run<br>Chatham, MA 02633-2554 | Common Shares | 445,488 |

| Name and Last Known Address or Place of Business of Holder | Kind of Interest | Number of Securities |
|---|---|---|
| Harris, Jeff<br>25536 Seminary Road<br>Perrysburg, OH 43551 | Common Shares | 3,459 |
| Hash, Alan<br>9496 South Dunbar Drive<br>South Jordan, UT 84095 | Common Shares | 4,941 |
| Hollins, Sharon<br>2641 Falmouth Road<br>Ottawa Hills, OH 43615 | Common Shares | 3,459 |
| Hood, Lynn<br>15415 Meadow Wood Drive<br>Wellington, FL 33414 | Common Shares | 5,929 |
| Hoops, Kathy<br>24708 McCutchenville Road<br>Perrysburg, OH 43551 | Common Shares | 4,941 |
| Huber, John<br>2779 Stonefence Drive<br>Perrysburg, OH 43551 | Common Shares | 3,459 |
| Hughes, Carla<br>201 Settlers Trace Boulevard #2220<br>Lafayette, LA 70508 | Common Shares | 3,459 |
| Johnston, Will<br>3100 West End Avenue Suite 875<br>Nashville, TN 37203 | Common Shares | 3,294 |
| Kaczor, Beth<br>1966 W. Temperance Road<br>Temperance, MI 48182 | Common Shares | 3,459 |
| Kang, Matthew<br>3214 Chapel Creek Drive<br>Perrysburg, OH 43551 | Common Shares | 4,941 |
| Kight, Dan<br>2013 Orchard Road<br>Toledo, OH 43606 | Common Shares | 3,953 |
| Lanning, David<br>806 Copley Lane<br>Silver Spring, MD 20904 | Common Shares | 1,976 |
| Lazarus, Barry<br>2629 Liverpool Court<br>Toledo, OH 43617 | Common Shares | 4,941 |
| Mastrangelo, Janet<br>266 Crossing Creek N<br>Gahanna, OH 43230 | Common Shares | 1,976 |

| Name and Last Known Address or Place of Business of Holder | Kind of Interest | Number of Securities |
| --- | --- | --- |
| MC Operations Investments, Inc.<br>c/o Quality Care Properties, Inc.<br>7315 Wisconsin Avenue, Suite 250-W<br>Bethesda, MD 20814 | Common Shares | 4,232,244 |
| McMann, Scott<br>2267 Robinwood Avenue<br>Toledo, OH 43620 | Common Shares | 1,976 |
| Mercier, Murry<br>7110 Oak Bluff Lane<br>Maumee, OH 43537 | Common Shares | 5,929 |
| Mock, Douglas<br>1083 Abbieshire Avenue<br>Lakewood, OH 44107 | Common Shares | 2,964 |
| Morey, Sue<br>308 Shelly Drive<br>Sinking Spring, PA 19608 | Common Shares | 5,929 |
| Nees, Dave<br>5315 Rymoor Drive<br>Sylvania, OH 43560 | Common Shares | 3,459 |
| Neumann, Linda<br>1495 Inwood Road<br>Oakland Twp, MI 48306 | Common Shares | 4,941 |
| Orlowski, Annette<br>2664 Heytman Drive<br>Lansing, IA 52151 | Common Shares | 1,976 |
| Ormond, Paul<br>95047 San Remo Drive #2A<br>Fernandina Beach, FL 32034 | Common Shares | 3,013,620 |
| Pagoaga, Jim<br>21 Winding Creek Place<br>Sylvania, OH 43560 | Common Shares | 3,459 |
| Parker, David<br>2154 Tremont Road<br>Columbus, OH 43221 | Common Shares | 5,929 |
| Parr, Richard<br>2253 Gray Fox Court<br>Ann Arbor, MI 48103 | Common Shares | 284,377 |
| Porter, Cliff<br>3929 Azalea Circle<br>Maumee, OH 43537 | Common Shares | 1,976 |
| Reed, Mike<br>3899 Midshore Drive<br>Naples, FL 34109 | Common Shares | 6,918 |

| Name and Last Known Address or Place of Business of Holder | Kind of Interest | Number of Securities |
|---|---|---|
| Remenar, John<br>17302 Beach Ridge Way<br>West Olive, MI 49460 | Common Shares | 5,929 |
| Royer, Jeff<br>8826 Oldham Way West<br>Palm Beach, FL 33412 | Common Shares | 3,459 |
| Rump, Rick<br>2423 Heather Glen Drive<br>Maumee, OH 43537 | Common Shares | 1,976 |
| Russo, Angela<br>9638 23rd Bay Street<br>Norfolk, VA 23518 | Common Shares | 3,459 |
| Saddler, Steve, MD<br>8101 Hinson Farm Road #301<br>Alexandria, VA 22306 | Common Shares | 3,294 |
| Schroeder, Bruce<br>11153 Oak Pointe Drive<br>Whitehouse, OH 43571 | Common Shares | 3,459 |
| Silverstein, Burton<br>179 McNamara Road<br>Spring Valley, NY 10977 | Common Shares | 1,976 |
| Smith, Joyce<br>3521 Cedar Creek Court<br>Maumee, OH 43537 | Common Shares | 5,929 |
| Spencer, Steve<br>1102 Towsley Lane<br>Ann Arbor, MI 48105 | Common Shares | 5,929 |
| Thompson, George<br>8995 Ottawa Lake Road<br>Ottawa Lake, MI 49267 | Common Shares | 1,976 |
| Traupane, Ron<br>409 Fiddlers Point Drive<br>St Augustine, FL 32080 | Common Shares | 1,976 |
| Young, Tom<br>8967 Bloomfield Boulevard<br>Sarasota, FL 34238 | Common Shares | 10,234 |
| JP Morgan Securities LLC<br>277 Park Avenue<br>New York, NY 10172 | Preferred Shares | 2,000 |
| Allegretti, Peter<br>601 Golden Rod Way<br>St. Mary's, GA 31558 | Restricted Common Shares | 4,469 |

| Name and Last Known Address or Place of Business of Holder | Kind of Interest | Number of Securities |
|---|---|---|
| Allen, Martin<br>7151 Whispering Oak<br>Sylvania, OH 43560 | Restricted Common Shares | 30,196 |
| Arrendale, Deb<br>393 12th Avenue<br>Indian Rocks Beach, FL 33785 | Restricted Common Shares | 4,469 |
| Beckert, Julie<br>3911 Buell Avenue<br>Toledo, OH 43613 | Restricted Common Shares | 2,732 |
| Cavanaugh, Steve<br>9036 Sand Ridge Drive<br>Holland, OH 43528 | Restricted Common Shares | 701,393 |
| Ferguson, Mike<br>2612 Evergreen Road<br>Toledo, OH 43606 | Restricted Common Shares | 19,946 |
| Gloth, Mark<br>2322 Hidden Brook Road<br>Finksburg, MD 21048 | Restricted Common Shares | 23,459 |
| Gluch, Lynda<br>8740 Paulina Avenue<br>Grosse Ile, MI 48138 | Restricted Common Shares | 2,732 |
| Godla, Larry<br>132 Birchside Circle<br>Locust Grove, VA 22508 | Restricted Common Shares | 8,209 |
| Grabijas, Martin<br>2682 Ravine Side North<br>Howell, MI 48843 | Restricted Common Shares | 30,826 |
| Graham, John<br>3547 Hill River Drive<br>Toledo, OH 43615 | Restricted Common Shares | 35,296 |
| Harris, Jeff<br>25536 Seminary Rd<br>Perrysburg, OH 43551 | Restricted Common Shares | 4,469 |
| Hollins, Sharon<br>2641 Falmouth Road<br>Ottawa Hills, OH 43615 | Restricted Common Shares | 18,709 |
| Hoops, Kathy<br>24708 McCutchenville Road<br>Perrysburg, OH 43551 | Restricted Common Shares | 32,817 |
| Huber, John<br>2779 Stonefence Drive<br>Perrysburg, OH 43551 | Restricted Common Shares | 18,709 |

| Name and Last Known Address or Place of Business of Holder | Kind of Interest | Number of Securities |
|---|---|---|
| Julius, Griffin<br>3321 Pelham Road<br>Ottawa Hills, OH 43606 | Restricted Common Shares | 10,500 |
| Kaczor, Beth<br>1966 W. Temperance Road<br>Temperance, MI 48182 | Restricted Common Shares | 18,459 |
| Kang, Matthew<br>3214 Chapel Creek Drive<br>Perrysburg, OH 43551 | Restricted Common Shares | 136,658 |
| Kight, Dan<br>2013 Orchard Road<br>Toledo, OH 43606 | Restricted Common Shares | 29,205 |
| McCormick, Patricia<br>26920 W. River Road<br>Perrysburg, OH 43551 | Restricted Common Shares | 1,000 |
| McMann, Scott<br>2267 Robinwood Avenue<br>Toledo, OH 43620 | Restricted Common Shares | 2,982 |
| Mercier, Murry<br>7110 Oak Bluff Lane<br>Maumee, OH 43537 | Restricted Common Shares | 33,809 |
| Mock, Douglas<br>1083 Abbieshire Avenue<br>Lakewood, OH 44107 | Restricted Common Shares | 2,974 |
| Morey, Sue<br>308 Shelly Drive<br>Sinking Spring, PA 19608 | Restricted Common Shares | 55,929 |
| Nation, Joylin<br>15985 Voyageurs Place<br>Wellington, FL 33414-9073 | Restricted Common Shares | 2,000 |
| Neumann, Linda<br>1495 Inwood Road<br>Oakland Twp, MI 48306 | Restricted Common Shares | 30,696 |
| Pagoaga, Jim<br>21 Winding Creek Place<br>Sylvania, OH 43560 | Restricted Common Shares | 18,209 |
| Parker, David<br>2154 Tremont Road<br>Columbus, OH 43221 | Restricted Common Shares | 55,929 |
| Parr, Richard<br>2253 Gray Fox Court<br>Ann Arbor, MI 48103 | Restricted Common Shares | 295,470 |

| Name and Last Known Address or Place of Business of Holder | Kind of Interest | Number of Securities |
|---|---|---|
| Perry, Brian<br>3 Exmoor<br>Toledo, OH 43615 | Restricted Common Shares | 1,000 |
| Reed, Mike<br>3899 Midshore Drive<br>Naples, FL 34109 | Restricted Common Shares | 56,920 |
| Ruppert, Mary Jane<br>603 North Blackhoof Street<br>Wapakoneta, OH 45895 | Restricted Common Shares | 750 |
| Silverstein, Burton<br>179 McNamara Road<br>Spring Valley, NY 10977 | Restricted Common Shares | 3,232 |
| Sorensen, Melissa<br>16591 Freyman Road<br>Cygnet, OH 43413 | Restricted Common Shares | 19,240 |
| Talbert, Eric<br>7231 Stonewater Court<br>Maumee, OH 43537 | Restricted Common Shares | 1,000 |
| Thompson, George<br>8995 Ottawa Lake Road<br>Ottawa Lake, MI 49267 | Restricted Common Shares | 2,732 |
| Ubaydi, Rami<br>3910 White Tail Drive<br>Rochester Hills, MI 48306 | Restricted Common Shares | 2,000 |
| Zalewski, Cindy<br>5524 Ginger Tree Lane<br>Toledo, OH 43623 | Restricted Common Shares | 1,000 |

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case and this filing:</b></td></tr>
<tr><td colspan="2">Debtor Name <u>HCR ManorCare, Inc.</u></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: _____ District of <u>Delaware</u><br>(State)</td></tr>
<tr><td colspan="2">Case number (If known): _____</td></tr>
</table>

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   *Amended Schedule* ____

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒   Other document that requires a declaration   <u>List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>03/04/2018</u>          x _____
                  MM / DD / YYYY               Signature of individual signing on behalf of debtor

                                    <u>John R. Castellano</u>
                                    Printed name

                                    <u>Chief Restructuring Officer</u>
                                    Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**