## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HCR MANORCARE, INC.,[1] | Case No. 18-_____ (___) |
| Debtor. | |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNT, (II) AUTHORIZING CONTINUED USE OF EXISTING BUSINESS FORMS, (III) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(b) AND (IV) GRANTING RELATED RELIEF

HCR ManorCare, Inc., the above-captioned debtor and debtor in possession (the "Debtor" and, together with its non-debtor affiliates, the "Company"), submits this motion (this "Motion"), pursuant to sections 105(a), 345(b), 363(b), 363(c)(1), 503(b)(1), 1107(a) and 1108 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2015-2 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing and approving the Debtor's continued use of the Bank Account (as defined below); (ii) authorizing the Debtor to continue using its prepetition business forms; (iii) waiving the requirements of section 345 of the Bankruptcy Code with respect to the Debtor's deposit practices to the extent the Bank Account does not strictly comply therewith; and (iv) granting related relief.  In support of this Motion, the Debtor submits the *Declaration of John R. Castellano, Chief Restructuring Officer of HCR ManorCare, Inc., in Support of the*

---

[1] The last four digits of the Debtor's federal tax identification number are 9231.  The Debtor's mailing address is 333 N. Summit St., Toledo, OH 43604.

*Debtor's Chapter 11 Petition and First Day Motions* (the "Castellano Declaration"),[2] filed contemporaneously herewith and incorporated by reference.  In further support of this Motion, the Debtor respectfully states as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues, through its direct and indirect non-debtor subsidiaries, to operate Company's businesses and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in this case, and no statutory committee has been appointed.

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent, pursuant Rule 9013-1(f) of the Local Rules, to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and other bases for the relief requested in this Motion are sections 105(a), 345(b), 363(b), 363(c)(1), 503(b)(1), 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004 and Local Rules 2015-2 and 9013-1(m).

---

[2] All capitalized terms used by not otherwise defined herein shall have the meanings ascribed to such terms in the Castellano Declaration.

01:22949725.1

## THE PREPACKAGED PLAN

5.      Concurrently with this Motion, the Debtor filed a prepackaged plan of reorganization (the "Plan") and a related disclosure statement.  The Debtor has also filed a motion seeking to schedule (a) a combined hearing for the Court to consider approval of the disclosure statement and the prepetition solicitation procedures, as well as confirmation of the Plan and (b) related objection and other deadlines.  The only class of creditors entitled to vote on the Plan has voted unanimously in favor of confirming the Plan.

## BACKGROUND OF THE COMPANY

6.      Additional information regarding the Debtor, the Company's business segments, and the events preceding the Petition Date may be found in the Castellano Declaration.

## THE DEBTOR'S BANK ACCOUNT

7.      As of the Petition Date, the Debtor owns only one bank account (the "Bank Account"), the details of which are attached to the Proposed Order as **Exhibit 1**.  The Bank Account is held at Huntington National Bank ("Huntington").  The Debtor opened the Bank Account shortly before the Petition Date and deposited into the Bank Account the cash proceeds of a $25,000,000 subordinated secured loan (the "Affiliate Loan") from non-debtor HCR Home Health Care and Hospice, LLC (the "Affiliate Lender").  The cash in the Bank Account constitutes cash collateral of (a) the administrative agent (the "Prepetition Agent") under the Credit Facility (as defined in the Castellano Declaration) and (b) the Affiliate Lender (whose security interests in cash collateral are subordinate in all respects to the security interests of the Prepetition Agent).[3]  Concurrently with the filing of this Motion, the Debtor has also filed the

*Debtor's Motion for Entry of Interim and Final Orders under 11 U.S.C. §§ 105, 361, 362, 363,*

---

[3] The Bank Account is subject to that certain Deposit Account Control Agreement, dated as of March 2, 2018, by and among the Debtor, the Prepetition Agent, the Affiliate Lender and Huntington.

*507 and 552 and Bankruptcy Rules 2002, 4001, 6004 and 9014 (I) Authorizing the Debtor to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay and (IV) Granting Related Relief* (the "Cash Collateral Motion"), which requests the Court's authorization to use cash collateral held in the Bank Account and proposes certain adequate protection in connection therewith.  As stated in the Cash Collateral Motion, the Credit Facility permits the Debtor to use the Affiliate Loan proceeds to pay fees and costs of the Debtor's chapter 11 case.  Accordingly, the Debtor's continued access to the Bank Account is essential to the Debtor's restructuring efforts.

8.      As a holding company, the Debtor does not have revenue-generating operations of its own, and neither the Debtor nor the Bank Account are part of the Company's centralized cash management system (the "Cash Management System").  Unlike the Debtor, each of the operating entities within the Company participates in the Cash Management System.   Additional information regarding the Cash Management System is set forth in the *Debtor's Motion for Entry of Order Authorizing the Continuation of Its Ordinary Course Non-Debtor Affiliate Arrangements for the Payment of Certain Prepetition Tax and Insurance Obligations*, filed concurrently herewith.

**RELIEF REQUESTED**

9.      By this Motion, the Debtor requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing and approving the Debtor's continued use of the Bank Account; (ii) authorizing the Debtor to continue using its prepetition business forms; (iii) waiving the requirements of section 345 of the Bankruptcy Code with respect to the Debtor's deposit practices to the extent the Bank Account does not strictly comply therewith; and (iv) granting related relief.

## BASIS FOR RELIEF REQUESTED

I. **The Court Should Authorize the Debtor to Continue to Use the Bank Account**

10.     The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has promulgated the *Operating Guidelines for Chapter 11 Cases* (the "Operating Guidelines") pursuant to 28 U.S.C. § 586(a)(3).  The Operating Guidelines require, among other things, that a chapter 11 debtor: (a) close all existing bank accounts upon filing of its petition and open new "debtor-in-possession" accounts in certain financial institutions designated as authorized depositories by the U.S. Trustee; (b) establish one debtor-in-possession account for all estate monies required for the payment of taxes; and (c) maintain a separate debtor-in-possession account for cash collateral.   These requirements are intended to provide a clear line of demarcation between prepetition and post-petition transactions and operations and to prevent the inadvertent payment of prepetition claims.

15.     The Debtor's continued use of the Bank Account is nevertheless permitted pursuant to section 363(c)(1) of the Bankruptcy Code, which authorizes a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing."   11 U.S.C. § 363(c)(1).   Bankruptcy courts routinely treat such requests as a relatively "simple matter[]."   In re Baldwin-United Corp., 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987).   As numerous courts have indicated, the Bankruptcy Code grants discretionary authority to a bankruptcy court to allow the continued use of bank accounts.   See, e.g., In re The Charter Co., 778 F.2d 617, 618 (11th Cir. 1985) (noting that the bankruptcy court authorized the debtors to maintain its existing bank accounts); In re Lorber Indus. of Cal., 373 B.R. 663, 665 (B.A.P. 9th Cir. 2007) (discussing that the bankruptcy court allowed the debtor to continue using its prepetition workers' compensation program bank account for the purposes of administering benefits); In re Grant

Broad., Inc., 75 B.R. 819, 820 (E.D. Pa. 1987) (noting an order by the bankruptcy court authorizing use of cash collateral and prepetition bank accounts); In re UAL Corp., 2002 WL 34344255, at *1 (Bankr. N.D. Ill. Dec. 9, 2002) (authorizing the debtors, within the reasonable exercise of their business judgment, to continue using all of their bank accounts in existence on the petition date). Courts often deviate from the strict recommendations of applicable guidelines based upon the unique circumstances of each case if doing so facilitates a debtor's successful reorganization. See, e.g., The Colad Grp., Inc., 324 B.R. 208, 216 (Bankr. W.D.N.Y. 2005) (allowing the debtor to continue to use its existing bank accounts without the necessity to close all prepetition accounts and open new post-petition accounts); In re Charter Behavioral Health Sys., LLC, 292 B.R. 36, 41 (Bankr. D. Del. 2003) (same).

16.    Here, the Court's entry of an order authorizing the Debtor's continued use of the Bank Account is particularly warranted given that the Debtor is a holding company with no operations, uses the Bank Account for a limited purpose, and has the ability to easily monitor cash inflows and outflows. Requiring the Debtor's strict compliance with the Operating Guidelines under these circumstances, on the other hand—including the requirement to close the Bank Account and reopen a new bank account—would unnecessarily disrupt the Debtor's restructuring efforts and provide no apparent benefit to the estate or creditors. Specifically, disrupting the Debtor's use of the Bank Account would, subject to entry of the order granting the Cash Collateral Motion, prevent the Debtor from accessing the funds needed to administer this case.

17.    Moreover, the Debtor respectfully submits that parties in interest will not be harmed by its maintenance of the Bank Account because the Debtor recently opened the Bank Account and has never made any payments from such account. The funds from the Affiliate

Loan were deposited into the Bank Account less than one week before the Petition Date. Therefore, no unauthorized payments will be made on account of obligations incurred before the Petition Date.  In light of the foregoing, the Debtor submits that maintaining the Bank Account is in the best interests of the estate and its creditors.

18.     Accordingly, the Debtor requests that it be exempted from the Operating Guidelines' requirement to close the Bank Account and open a new post-petition bank account and to maintain separate tax and cash collateral accounts, along with any other, similar requirements.  The Debtor further requests that the Bank Account be deemed a debtor-in-possession account and that the Debtor be authorized to maintain and continue using the Bank Account in the same manner and with the same account number as that employed during the prepetition period, including the ability to make disbursements from the Bank Account other than by check.  Courts in this District and others have regularly granted similar relief.[4]

19.     In addition, the Debtor requests that Huntington be authorized to "charge back" to the Bank Account any amounts incurred resulting from returned checks or other returned items, and that the Debtor be authorized to pay any service charges owed to Huntington on account of the Bank Account, in each case regardless of whether such items were deposited prepetition or post-petition or relate to prepetition or post-petition items.

## II.     The Court Should Authorize the Debtor to Continue to Use Existing Check and Business Forms

20.     The Debtor also requests that it be authorized to continue to use all checks and business forms existing immediately before the Petition Date without reference to the Debtor's

---

[4] See, e.g., In re PES Holdings, LLC, Case No. 18-10122 (KG) (Bankr. D. Del. Jan. 23, 2018) (authorizing the debtors to continue using their prepetition bank accounts); In re New Gulf Res., LLC, Case No. 15-12566 (BLS) (same) (Bankr. D. Del. Dec. 18, 2015) (same); In re Energy Future Holdings Corp., Case No. 14-10979 (CSS) (Bankr. D. Del. June 4, 2014) (same).

status as a debtor in possession.  The parties that will receive payment from the Debtor during this case—primarily including the United States Trustee, the estate's professionals and the Prepetition Agent's professionals (under the terms set forth in the Cash Collateral Motion)—will be aware of the Debtor's status as a debtor in possession.  The Debtor respectfully submits that changing the current business forms would be unnecessary and unduly burdensome and that appropriate care can be taken to assure the proper use of the existing forms.

21.    In other cases in this District courts have allowed debtors to use their prepetition checks and business forms without the "debtor in possession" label until the debtors deplete their existing supply of check and business forms.[5]  The same relief should be approved here.

## III.    **Cause Exists to Waive the Requirements of Section 345 of the Bankruptcy Code to the Extent the Bank Account Does Not Strictly Comply Therewith**

22.    The Debtor further requests a waiver of the deposit and investment requirements of section 345 of the Bankruptcy Code to the extent the Bank Account does not strictly comply therewith.

23.    Section 345(a) of the Bankruptcy Code governs a debtor's cash deposits during a chapter 11 case and authorizes deposits of money as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."  11 U.S.C. § 345(a).  For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) requires debtors to obtain, from the entity with which

---

[5] See, e.g., In re PES Holdings, LLC, Case No. 18-10122 (KG) (Bankr. D. Del. Jan. 23, 2018) (authorizing the debtors to continue using their preprinted correspondence and business forms, including letterhead, without reference to the debtors' status as debtors in possession); In re Charming Charlie Holdings Inc., Case No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (same); In re GST Autoleather, Case No. 17-12100 (LSS) (Bankr. D. Del. Nov. 13, 2017) (same); In re Aerogroup Int'l, Inc., Case No. 17-11962 (KJC) (Bankr. D. Del. Sep. 18 2017) (same); In re TK Holdings Inc., Case No. 17-11375 (BLS) (Bankr. D. Del. June 27, 2017) (same); In re UCI Int'l, LLC, Case No. 16-11354 (MFW) (Bankr. D. Del. July 12, 2016) (same).

the money is deposited, a bond in favor of the United States and secured by the undertaking of an adequate corporate entity, or "the deposit of securities of the kind specified in section 9303 of title 31." 11 U.S.C. § 345(b).[6]

24.    As discussed above, the Bank Account is maintained at Huntington.  Huntington is an authorized depository under the Operating Guidelines, and the Bank Account is insured by the Federal Deposit Insurance Corporation.  Therefore, the Bank Account complies with section 345(b) of the Bankruptcy Code.  Out of an abundance of caution, however, to the extent that the Bank Account does not strictly comply with section 345 of the Bankruptcy Code, the Debtor submits that cause exists to waive any such noncompliance because all funds are deposited safely and prudently at financially-stable banking institutions in a manner specifically designed to preserve capital, maintain liquidity, and generate return.[7]  Courts in this District have granted relief similar in comparable cases.[8]

## NOTICE

25.    Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware, (ii) the holders of the thirty (30) largest unsecured claims against the Debtor; (iii) counsel to Quality Care Properties, Inc.; (iv) counsel to the administrative agent under the Company's prepetition credit facility; (v) counsel to The Carlyle

---

[6] Strict compliance with the requirements of section 345(b) of the Bankruptcy Code would, in cases such as this, be inconsistent with section 345(a), which permits a debtor in possession to make such investments of money of the estate "as will yield the maximum reasonable net return on such money."  Thus, in 1994, to avoid "needlessly handcuff[ing] larger, more sophisticated debtors," Congress amended section 345(b) of the Bankruptcy Code to provide that its strict investment requirements may be waived or modified if the Court so orders "for cause."  140 Cong. Rec. H. 10,767 (Oct. 4, 1994), 1994 WL 54773.

[7] Huntington pays interest to the Debtor on the funds on deposit in the Bank Account.  The Debtor therefore does not believe the Bank Account is an "investment" account within the meaning of section 345(b) of the Bankruptcy Code.

[8] See, e.g., In re PES Holdings, LLC, Case No. 18-10122 (KG) (Bankr. D. Del. Jan. 23, 2018) (waiving the requirements of section 345(b) of the Bankruptcy Code); In re New Gulf Res., LLC, Case No. 15-12566 (BLS) (same) (Bankr. D. Del. Dec. 18, 2015); In re Energy Future Holdings Corp., Case No. 14-10979 (CSS) (Bankr. D. Del. June 4, 2014) (same).

Group; (vi) the U.S. Attorney's Office for the District of Delaware; (vii) the Internal Revenue Service; (viii) the U.S. Department of Justice; (ix) Huntington; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, the Debtor will, within two business days of the hearing on this Motion, serve copies of this Motion and any order in respect of this Motion as requited by Local Rule 9013-1(m).  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

01:22949725.1

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  March 4, 2018
Wilmington, Delaware

SIDLEY AUSTIN LLP

Larry J. Nyhan
Dennis M. Twomey
William A. Evanoff
Allison Ross Stromberg
Matthew E. Linder
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Edmon L. Morton*
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Justin H. Rucki (No. 5304)
Tara C. Pakrouh (No. 6192)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

PROPOSED ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION

01:22949725.1

## Exhibit A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| HCR MANORCARE, INC.,[1] | Case No. 18-_____ (___) |
| Debtor. | **Ref. Docket No. ___** |

**ORDER (I) AUTHORIZING CONTINUED USE OF PREPETITION
BANK ACCOUNT, (II) AUTHORIZING CONTINUED USE OF
EXISTING BUSINESS FORMS, (III) WAIVING THE REQUIREMENTS
OF 11 U.S.C. § 345(b) AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of HCR ManorCare, Inc., the above-captioned debtor and debtor in possession (the "Debtor") for the entry of an order (this "Order") (i) authorizing and approving the Debtor's continued use of the Bank Account; (ii) authorizing the Debtor to continue using its prepetition business forms; (iii) waiving the requirements of 11 U.S.C. § 345(b) with respect to the Debtor's deposit practices; and (iv) granting related relief; and upon consideration of the Castellano Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtor's estate, its creditors

---

[1] The last four digits of the Debtor's federal tax identification number are 9231.  The Debtor's mailing address is 333 N. Summit St., Toledo, OH 43604.

[2] Capitalized terms used but not defined in herein shall have the meanings ascribed to such terms in the Motion.

01:22949725.1

and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      The Debtor is authorized, in the reasonable exercise of its business judgment, to (a) designate, maintain and continue to use, with the same account number, the Bank Account, as identified on **Exhibit 1** attached hereto, (b) use, in their present form, checks and other documents related to the Bank Account, and (c) treat the Bank Account for all purposes as an account of the Debtor as a debtor in possession.

3.      The Debtor shall maintain accurate and detailed records of all transfers so as to permit all such transactions to be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions.

4.      Huntington is authorized  to continue to service and administer the Bank Account as an account of the Debtor as a debtor in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests made on, said account after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtor before the Petition Date may be honored by Huntington only if authorized by order of this Court.

5.      The Debtor is authorized to continue to use its existing business and correspondence forms and checks without alteration and without designation "Debtor-in-Possession" imprinted upon them, provided, however, that within fifteen (15) days of entry of this Order, the Debtor will update any electronically produced checks to reflect its status as a

debtor in possession as well as the case number for this chapter 11 case.  Any check stock ordered after the Petition Date shall bear the legend "Debtor in Possession" and the case number for this chapter 11 case.

6.      The Debtor is authorized to make disbursements from the Bank Account other than by check, in a manner consistent with the Debtor's existing practices.

7.      In accordance with current practice and the agreement governing the Bank Account, Huntington is authorized to "charge back" to the Bank Account any amounts incurred resulting from returned checks or other returned items attributable to the Bank Account, and the Debtor is authorized to pay any service charges owed to Huntington on account of the Bank Account, in each case regardless of whether such items were deposited prepetition or post-petition or relate to prepetition or post-petition items.

8.      Within two business days of entry of this Order, the Debtor shall serve a copy of this Order on Huntington.

9.      Within fifteen (15) days of the date of entry of this Order the Debtor shall (a) contact Huntington, (b) provide Huntington with the Debtor's employer identification number and (c) identify the Bank Account held at Huntington as being held by a debtor in possession in a bankruptcy case and provide the case number of the chapter 11 case.

10.     The requirements of section 345 of the Bankruptcy Code, to the extent the Bank Account does not strictly comply therewith, are waived with respect to the Bank Account.

11.     Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity or amount of any claim against the Debtor, (b) a waiver of the Debtor's or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365

01:22949725.1

of the Bankruptcy Code.  Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

12.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2018
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

### **Bank Account**

Name on Account:  HCR ManorCare, Inc. – Concentration Acct
Bank Institution:  Huntington National Bank
Owner of Account:  HCR ManorCare, Inc.
Account Type:  Concentration
Bank Account Number (last four digits):  1548