**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| HCR MANORCARE, INC.,[1] | Case No. 18-_____ (___) |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING
COMBINED DISCLOSURE STATEMENT APPROVAL AND PLAN CONFIRMATION
HEARING, (II) ESTABLISHING THE PLAN AND DISCLOSURE STATEMENT
OBJECTION DEADLINE AND RELATED PROCEDURES, (III) APPROVING
THE SOLICITATION PROCEDURES, (IV) APPROVING THE FORM AND
MANNER OF NOTICE, (V) DIRECTING THAT A MEETING OF CREDITORS
NOT BE CONVENED, AND (VI) CONDITIONALLY WAIVING REQUIREMENT
OF FILING SCHEDULES AND STATEMENTS AND RULE 2015.3 REPORTS**

HCR ManorCare, Inc., the above-captioned debtor and debtor in possession (the "Debtor" and, together with its non-debtor affiliates, the "Company") submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the following relief: (i) scheduling a combined hearing (the "Combined Hearing") on the adequacy of the Debtor's disclosure statement (including all exhibits and schedules attached thereto, and as may be amended, altered, modified or supplemented from time to time, the "Disclosure Statement") and confirmation of the Debtor's prepackaged chapter 11 plan of reorganization (including all exhibits and schedules attached thereto, and as may be amended, altered, modified or supplemented from time to time, the "Plan"),[2] filed concurrently herewith; (ii) establishing the deadline for objections to the adequacy of the Disclosure Statement and confirmation of the Plan (the "Objection Deadline") and

---

[1] The last four digits of the Debtor's federal tax identification number are 9231. The Debtor's mailing address is 333 N. Summit St., Toledo, OH 43604.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

approving certain related procedures; (iii) conditionally approving the prepetition procedures for the solicitation of votes to accept the Plan (the "Solicitation Procedures"); (iv) approving the form and manner of notice of the commencement of the Debtor's chapter 11 case, the Combined Hearing and the Objection Deadline (the "Notice"); (v) directing that the United States Trustee for the District of Delaware (the "U.S. Trustee") not convene a meeting of creditors (the "Creditors' Meeting") under section 341(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101–1532 (the "Bankruptcy Code"), provided that the Plan is confirmed within seventy-five (75) days of the Petition Date; (vi) conditionally waiving the requirement that the Debtor file schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements") and the periodic reports of financial information with respect to entities in which the Debtor's estate holds a controlling or substantial interest (the "Rule 2015.3 Reports") pursuant to rule 2015.3(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), provided that the Plan is confirmed within seventy-five (75) days of the Petition Date; and (vii) granting certain related relief.   In support of this Motion, the Debtor submits the *Declaration of John R. Castellano, Chief Restructuring Officer of HCR ManorCare, Inc., in Support of the Debtor's Chapter 11 Petition and First Day Motions* (the "Castellano Declaration"), filed contemporaneously herewith and incorporated herein by reference.   In further support of this Motion, the Debtor respectfully states as follows:

### STATUS OF THE CASE AND JURISDICTION

1.        On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues, through its direct and indirect non-debtor subsidiaries, to operate the Company's businesses and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No

party has requested the appointment of a trustee or examiner in this case, and no statutory committee has been appointed.

2.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The statutory and other bases for the relief requested in this Motion are sections 105, 341, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 1007, 2002, 2015.3, 3017, 3018, 3020, and 9006, and Local Rules 3017-1, 3017-2, and 9006-1.

## BACKGROUND OF THE COMPANY

5.       Additional information regarding the Debtor, the Company's business segments, and the events preceding the Petition Date may be found in the Castellano Declaration.

## BACKGROUND REGARDING THE PLAN

6.       The Debtor commenced this chapter 11 case to implement a consensual, prepackaged chapter 11 plan of reorganization—*i.e.*, the Plan.[3]  The Plan is the culmination of fifteen months of negotiations between the Company and Quality Care Properties, Inc. ("QCP"),

---

[3] For additional information, please refer to the Plan and the Disclosure Statement filed concurrently herewith.

the owner and lessor of approximately 98% of the Company's skilled nursing and assisted living facilities.  The primary features of the Plan are as follows:

- QCP (or its designee(s)) will receive 100% of the stock of the Reorganized Debtor in full satisfaction of its claims against the Debtor (arising under the Debtor's guarantee of the lease obligations owed to QCP by non-debtor subsidiary HCR III Healthcare, LLC, an intermediate holding company and indirect subsidiary of the Debtor ("HCR III")).

- No creditors other than QCP will be impaired.

- Equity holders will receive no distributions; however, holders of more than 80% of the equity of the Debtor (the "Majority Stockholders") have agreed to support the Plan.

- The Effective Date of the Plan is contingent upon, among other things, the closing of the Plan Sponsor Agreement executed by the Debtor and QCP immediately prior to the Petition Date, which sets forth detailed terms and conditions for the transfer of the Company's business to QCP.  The Plan Sponsor Agreement is attached as an exhibit to the Plan.

- Non-debtor HCR III, QCP, and the Lessors will enter into the Master Lease Amendment on the Effective Date, and, on or prior to the seventh day after the Effective Date, QCP shall cause the Lessors and HCR III to terminate, release and discharge, the Guaranty pursuant to the Plan Sponsor Agreement.

7.     The Plan has support from the Debtor's primary stakeholders, including QCP and the Majority Stockholders, pursuant to the Restructuring Support Agreement, a copy of which is attached as an exhibit to the Disclosure Statement.  QCP and certain of its affiliates comprise the only Class of Claims that is Impaired and entitled to vote to accept the Plan.  As described below, as of the Voting Deadline (as defined below), QCP and certain of its affiliates voted to accept the Plan.

## **RELIEF REQUESTED**

8.     By this Motion, the Debtor requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) scheduling the Combined Hearing; (ii) establishing the Objection Deadline and approving certain related procedures; (iii) conditionally approving the

4

Solicitation Procedures, pending final approval through the proposed findings of fact, conclusions of law, and order confirming the Plan pursuant to section 1129 of the Bankruptcy Code (the "Confirmation Order") at the Combined Hearing; (iv) approving the form and manner of the Notice; (v) directing that the U.S. Trustee not convene the Creditors' Meeting, provided that the Plan is confirmed within seventy-five (75) days of the Petition Date; (vi) conditionally waiving the requirement that the Debtor file the Schedules and Statements and the Rule 2015.3 Reports, provided that the Plan is confirmed within seventy-five (75) days of the Petition Date; and (vii) granting certain related relief.

9.     The following table highlights the proposed key dates and deadlines relevant to the Solicitation Procedures and sets forth the Debtor's proposed dates for, among other things, the mailing of the Notice, the Objection Deadline, and the Combined Hearing:

| Event | Date[4] |
| --- | --- |
| Voting Record Date | March 1, 2018 |
| Commencement of Solicitation | March 3, 2018 |
| Voting Deadline | March 3, 2018 |
| Petition Date | March 4, 2018 |
| Mailing of Notice | March 7, 2018 |
| Plan Supplement Deadline | April 2, 2018 |
| Objection Deadline | April 5, 2018 |
| Reply Deadline | April 9, 2018 |
| Confirmation Order Deadline | April 9, 2018 |
| Confirmation Brief Deadline | April 9, 2018 |
| Combined Hearing | April 12, 2018 |

---

[4] Certain of the proposed dates are subject to the Court's availability.

## THE SOLICITATION PROCEDURES

10.    The Debtor commenced the solicitation of votes on the Plan before the Petition Date in accordance with the following Solicitation Procedures and applicable provisions of the Bankruptcy Code and Bankruptcy Rules.  Specifically, on March 3, 2018, the Debtor caused its solicitation agent, Epiq Bankruptcy Solutions, LLC (the "Solicitation Agent")[5] to distribute a solicitation package containing the Disclosure Statement, the Plan, and the Ballot (the "Solicitation Package") to each Holder of a Class 4 QCP Claim, which is the only Class of Claims or Interests entitled to vote to accept or reject the Plan (the "Voting Class").[6]  The Ballot stated in clear and conspicuous language that Holders of Claims in the Voting Class must properly complete, execute, and deliver their Ballots to the Solicitation Agent by electronic mail so that the Ballots would be actually received by the Solicitation Agent no later than March 3, 2018 at 11:59 p.m. (prevailing Eastern Time) (the "Voting Deadline").  The Plan Sponsor Agreement required the Debtor to file this chapter 11 case on or prior to the Petition Date.

11.    After the expiration of the Voting Deadline the Solicitation Agent tabulated the Ballots submitted by the Voting Class and, concurrently herewith, filed the *Declaration of Jane Sullivan on Behalf of Epiq Bankruptcy Solutions, LLC Regarding Service of Solicitation Packages and Voting and Tabulation of Ballots Cast on the Prepackaged Plan of Reorganization for HCR ManorCare, Inc.* (the "Voting Declaration"), which certifies the results and methodologies for tabulating the Ballots submitted by the Voting Class.  The Debtor has

---

[5] Concurrently herewith, the Debtor filed an application with the Court for authority to retain Epiq Bankruptcy Solutions, LLC as their claims and noticing agent pursuant to the *Debtor's Application for Entry of an Order Appointing Epiq Bankruptcy Solutions, LLC as Claims and Noticing Agent, Nunc Pro Tunc to the Petition Date*.

[6] The Solicitation Agent did not distribute a Solicitation Package to any other Class of Claims or Interests because such Classes are: (a) unimpaired under, and conclusively presumed to accept, the Plan pursuant to section 1126(f) of the Bankruptcy Code; or (b) impaired, not entitled to receive any distribution on account of their Claims or Interests under the Plan, and therefore deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

received support for the Plan from 100% of the outstanding amount voted and 100% in number of the Voting Class, as evidenced by the Voting Declaration.

## BASIS FOR RELIEF

### I.    Scheduling the Combined Hearing

12.    Bankruptcy Rules 2002(b) and 3017(a) require that twenty-eight (28) days' notice be given by mail to all creditors and equity holders of the time fixed for filing objections to approval of a disclosure statement or confirmation of a plan of reorganization, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1).  Section 1128(a) of the Bankruptcy Code provides that, "[a]fter notice, the court shall hold a hearing on confirmation of a plan."   In addition, Bankruptcy Rule 3017(c) provides, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation."   Section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that the Court may combine the hearing on approval of a disclosure statement with the hearing on confirmation of the related plan.

13.    The Debtor requests that the Court schedule a hearing to consider approval of the Disclosure Statement and confirmation of the Plan—*i.e.*, the Combined Hearing—on or about April 12, 2018, subject to the Court's schedule.  This request is consistent with applicable law and established practices for prepackaged cases in this District and will facilitate an expeditious reorganization consistent with the requirements of the Plan Sponsor Agreement.[7]  The Debtor further requests that the Court authorize the Debtor to adjourn the Combined Hearing from time to time without further notice other than an announcement of the adjourned date(s) in open court

---

[7] The Plan Sponsor Agreement requires the Debtor to use reasonable best efforts to pursue entry of the Confirmation Order within forty (40) days of the Petition Date.

or at the Combined Hearing or an agenda for the same, with notice of such adjourned date(s) to be made available on the electronic case docket.

14.    The Debtor has formulated, negotiated, solicited and obtained the Voting Class's unanimous approval of the Plan.  Accordingly, a Combined Hearing in this chapter 11 case will promote judicial economy and allow the Debtor to move swiftly toward consummation of the restructuring transactions embodied in the Plan.  Proceeding on the Debtor's proposed schedule will minimize any adverse effects of the chapter 11 filing on the Company and reduce the Debtor's administrative expenses in bankruptcy.  Such benefits are the hallmarks of a prepackaged plan of reorganization.  It is also appropriate to enter the Proposed Order at this time so that parties in interest may be promptly informed of the anticipated schedule of events in the Debtor's case, including confirmation of the Plan.

15.    The proposed schedule affords creditors, equity holders, and all other parties in interest ample notice of the commencement of this chapter 11 case, the Objection Deadline, the Combined Hearing and related dates and deadlines.  Specifically, among other things, the proposed schedule affords more than twenty-eight (28) days' notice of the Objection Deadline and more than thirty-five (35) days' notice of the proposed Combined Hearing.  Further, the proposed schedule provides notice of the Debtor's deadline to file the Plan Supplement.  It also includes a deadline for the Debtor to file a brief in support of the adequacy of the Disclosure Statement and confirmation of the Plan that will address, among other things, the requirements for confirmation under the provisions of the Bankruptcy Code and the Plan's satisfaction of those requirements (the "Confirmation Brief").  As a result, parties will have sufficient time to evaluate their rights in respect of the Plan before the Combined Hearing, and, accordingly, no party in interest will be prejudiced by the requested relief.

**II.     Objection Deadline and Related Procedures**

16.     Bankruptcy Rule 3017(a) authorizes the Court to fix a deadline for the filing of objections to the adequacy of the Disclosure Statement and confirmation of the Plan. Bankruptcy Rule 2002(b) requires that creditors receive at least twenty-eight (28) days' notice of the Objection Deadline.  Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."   Moreover, Local Rule 9006-1 provides that (a) the deadline for objections shall be no later than seven days before the hearing date and (b) the deadline for filing reply papers shall be no later than 4:00 p.m. on the day before the deadline for filing the hearing agenda.

17.     The Debtor requests that the Court set April 5, 2018 at 4:00 p.m. (prevailing Eastern Time), as the Objection Deadline.  Additionally, the Debtor requests that the Court require objections to the Disclosure Statement or confirmation of the Plan:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection, and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so it is actually received on or before the Objection Deadline.  The Debtor also requests that the Court set April 9, 2018 as the deadline for: (i) the proponents of the Plan to file replies to any timely-filed objections filed in respect of the Disclosure Statement or the Plan (the "Reply Deadline"), (ii) the Debtor to file the Confirmation Order (the "Confirmation Order Deadline"), and (iii) the Debtor to file the Confirmation Brief (the "Confirmation Brief Deadline").

18.     The Debtor believes that setting the Objection Deadline, the Reply Deadline, the Confirmation Order Deadline, and the Confirmation Brief Deadline as requested, and requiring that objecting parties satisfy the foregoing conditions, is warranted.  First, the Debtor's proposed

schedule would provide entities more than twenty-eight (28) days' notice of the Objection Deadline as required by Bankruptcy Rule 2002(b)(1) and comply with the requirements of Local Rules 9006-1 and 3017-1.  Second, the requested relief will afford the Court, the Debtor and other parties in interest sufficient time to consider the objections prior to the Combined Hearing and address those objections through responsive briefs, modifications to the Plan, or otherwise. No party should require additional time.

### III.    Approval of the Disclosure Statement[8]

19.    The Debtor will request approval of the Disclosure Statement at the Combined Hearing.  Section 1125 of the Bankruptcy Code requires that a plan proponent provide "adequate information" regarding the proposed Plan to the Voting Class.  The Bankruptcy Code defines "adequate information" as

> [i]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).  "Adequate information" is a flexible standard to be interpreted by the Court, in its discretion, based on the facts and circumstances of the particular case.  H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6365 ("Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis.  Courts will

---

[8] The Debtor is not seeking approval of the Disclosure Statement under section 1125(b) of the Bankruptcy Code as part of the Proposed Order.  Because the Disclosure Statement was delivered to Holders in the Voting Class prior to the Petition Date, no approval of the Disclosure Statement is required at this time.  Instead, the Debtor will seek approval of the Disclosure Statement, including a finding that the Disclosure Statement contained "adequate information" as that term is used in section 1125 of the Bankruptcy Code, at the Combined Hearing.  Nonetheless, the Debtor offers the following argument in support of approval of the Disclosure Statement and reserves the right to supplement this argument in the Confirmation Brief, to be filed on or before the Confirmation Brief Deadline.

take a practical approach as to what is necessary under the circumstances of each case . . . ."); see, e.g., Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case.").

20. The Disclosure Statement prepared by the Debtor and distributed to the Voting Class contains comprehensive information with descriptions of, among other things: (a) the Plan; (b) the operation of the business of the Company; (c) key events leading to the commencement of this chapter 11 case; (d) the Debtor's prepetition capital structure; (e) the proposed restructuring transactions and capital structure of the Reorganized Debtor; (f) financial information that would be relevant to the Voting Class's determination of whether to accept or reject the Plan; (g) a liquidation analysis setting forth the estimated return that Holder of Claims or Interests would receive in a hypothetical chapter 7 liquidation; (h) risk factors regarding the Debtor and the Plan; and (i) federal tax law consequences of the Plan.

21. In sum, the Disclosure Statement provided the Voting Class with ample information on which to base an informed decision regarding the Plan under the circumstances of this case. Accordingly, the Debtor will request at the Combined Hearing that the Court approve the Disclosure Statement as having met the requirements for "adequate information" under section 1125(a) of the Bankruptcy Code.

## IV.    Approval of the Solicitation Procedures

22. Bankruptcy Rule 3017(d) identifies the materials that must be provided to holders of claims and interests for the purpose of soliciting their votes to accept or reject a plan. Bankruptcy Rule 3017(e) provides that "the courts shall consider the procedures for transmitting the documents and information required by [Bankruptcy Rule 3017(d)] to beneficial holders of stock, bonds, debentures, notes and other securities [and] determine the adequacy of the

procedures." As described herein, the Debtor commenced a prepetition solicitation of votes to accept the Plan by distributing the Solicitation Package—consisting of the Disclosure Statement, the Plan, and the Ballot—to Holders of Claims in the Voting Class.

23.    By this Motion, the Debtor requests the Court's conditional approval of the Solicitation Procedures, including the Solicitation Package distributed to creditors in the Voting Class in furtherance thereof. The Debtor will request final approval of the Solicitation Procedures through the Confirmation Order at the Combined Hearing. As set forth below, the Solicitation Procedures implemented by the Debtor comply with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and should, therefore, be conditionally approved.

### A.    Approval of the Voting Record Date

24.    Bankruptcy Rule 3018(b) provides that, in a prepetition solicitation, the holders of record of the applicable claims against and interests in a debtor entitled to receive ballots and related solicitation materials are to be determined "on the date specified in the solicitation." The Disclosure Statement and the Ballot clearly identify March 1, 2018—*i.e.*, the Voting Record Date—as the date for determining which Holders of Claims in the Voting Class were entitled to vote to accept or reject the Plan.

### B.    Approval of the Voting Deadline

25.    Bankruptcy Rule 3018(b) provides that prepetition acceptances and rejections of a plan are valid only if the plan was transmitted to substantially all the holders of claims or interests in the same voting class and the time for voting was not "unreasonably short." The Solicitation Package was distributed to each Holder of a Claim in the Voting Class on March 3, 2018. As clearly stated in the Disclosure Statement and the Ballot, the Voting Deadline was at 11:59 p.m. on March 3, 2018.

26.     As noted above, the single Voting Class under the Plan is comprised of QCP and certain of its affiliates.  The Debtor negotiated the Plan directly with QCP in accordance with the terms of the Plan Sponsor Agreement.  Consequently, the time period between the distribution of the Solicitation Package and the Voting Deadline (the same day) was reasonable under the circumstances.  Moreover, all eligible Holders of Claims in the Voting Class—*i.e.*, QCP and certain of its affiliates—timely submitted Ballots accepting the Plan, thereby demonstrating the sufficiency of the time for voting.  For these reasons, the time for voting was reasonable and sufficient for Holders of Claims in the Voting Class to make an informed decision to accept or reject the Plan.

### C.     Approval of Form of Ballot

27.     Bankruptcy Rule 3017(d) requires the Debtor to transmit a form of Ballot, which substantially conforms to Official Form No. 314, only to "creditors and equity security holders entitled to vote on the plan."  Bankruptcy Rule 3018(c) provides that "[a]n acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity holder or an authorized agent, and conform to the appropriate Official Form."  Here, the Ballots were only transmitted to Holders of Claims in the Voting Class.  The form of Ballot is based on Official Form No. 314, as modified to address the particular circumstances of this chapter 11 case and to include certain information relevant for Holders of Claims in the Voting Class.  The form of Ballot used in the Debtor's prepetition solicitation is attached hereto as **<u>Exhibit B</u>**.

### D.     Approval of Tabulation Procedures

28.     The Debtor used standard procedures in tabulating votes of submitted by Holders of Claims in the Voting Class.  These procedures are consistent with section 1126(c) of the

Bankruptcy Code and Bankruptcy Rule 3018(a).  These tabulation procedures also are consistent with the procedures routinely approved by courts in this District.

29.    The Solicitation Package described how the Solicitation Agent would tabulate the votes set forth on the Ballots (the "Tabulation Procedures").  The Tabulation Procedures provide, among other things, as follows: (a) a Ballot that was incomplete or illegible, indicated unclear or inconsistent votes, or that was improperly signed and returned would not be counted, unless the Debtor determines otherwise;  (b) a Ballot received after the Voting Deadline would not be counted, unless the Debtor determines otherwise; (c) delivery of the Ballot to the Solicitation Agent occurs only when the Solicitation Agent receives the Ballot via electronic mail; (d) a properly completed Ballot timely submitted by a Holder of a Claim in a Voting Class would supersede and revoke any prior Ballot(s) submitted by such Holder; (e) any Ballot that attempted to partially accept and partially reject the Plan would not be counted; (f) the Solicitation Agent was directed to aggregate each Holder's Claims in the Voting Class; and (g) a Ballot would not be deemed to be a Proof of Claim or Interest or an assertion of a Claim or Interest in any chapter 11 case subsequently filed by the Debtor.  The Debtor submits that these Tabulation Procedures are appropriate and reasonable under the circumstances of this chapter 11 case and should be approved.

### E.    Non-Solicitation of the Non-Voting Classes

30.    The Plan provides that certain Classes of Claims against, or Interests in, the Debtor are presumed to accept or deemed to reject the Plan.  Specifically, the Plan provides that Holders of Claims in Classes 1, 2, 3, 5 and 6 are Unimpaired (such Classes, collectively, the "Non-Voting Unimpaired Classes").  Pursuant to section 1126(f) of the Bankruptcy Code, each Holder of a Claim in an Unimpaired Class is "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required."  Holders of Claims

in each of the foregoing Non-Voting Unimpaired Classes are conclusively presumed to accept the Plan and, thus, are not entitled to vote.  Accordingly, the Debtor has not solicited votes from the Non-Voting Unimpaired Holders.

31.     The Holders of Class 7 Section 510(b) Claims and Class 8 Interests in the Debtor are not entitled to any distribution or to retain any property pursuant to the Plan (such Classes, collectively, the "Non-Voting Impaired Classes" and, together with the Non-Voting Unimpaired Classes, the "Non-Voting Classes").   Pursuant to section 1126(g) of the Bankruptcy Code, "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the Plan on account of such claims or interests."  Holders of Claims and Interests in the Non-Voting Impaired Classes are conclusively deemed to have rejected the Plan and, thus, are not entitled to vote.  Accordingly, the Debtor has not solicited votes from the Non-Voting Impaired Holders.

32.     The Debtor is requesting a waiver of the requirement that it mail copies of the Plan and the Disclosure Statement to the Non-Voting Classes.  See Fed. R. Bankr. P. 3017(d) (requiring transmission of court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and equity security holders).  The Debtor submits that Bankruptcy Rule 3017(d) does not apply here because the Debtor solicited acceptances and rejections of the Plan on a prepetition basis, and, thus, there is no disclosure statement that was "approved by the court" to transmit.  Alternatively, the Court should order that the Debtor is not required to provide those materials to the Non-Voting Classes as it would be a significant and unnecessary administrative burden on the Debtor to transmit the Disclosure Statement and Plan to such Non-Voting Classes.

33.    In lieu of furnishing Holders in each of the Non-Voting Classes with a copy of the Plan and Disclosure Statement, the Debtor proposes to send the Notice to such Holders.   The Notice sets forth, among other things, a summary of the Plan and the treatment of such Holders' Claims or Interests in the Debtor, as well as the manner in which a copy of the Plan and the Disclosure Statement may be obtained.   In addition, the Debtor has posted the Disclosure Statement and the Plan, and will post the Plan Supplement when available, on the website of the Solicitation Agent, at http://dm.epiq11.com/HCR, which is available free of charge.

34.    The Solicitation Procedures undertaken by the Debtor and described herein with respect to the Non-Voting Classes comply with the Bankruptcy Code and should be approved. Accordingly, the Debtor requests that the Court approve the Solicitation Procedures with respect to the Non-Voting Classes.

**F.    Compliance with Non-Bankruptcy Securities Laws Applicable to Prepetition Solicitation**

35.    Section 1126(b) of the Bankruptcy Code expressly permits the Debtor to solicit prepetition votes from the Voting Class without a court-approved Disclosure Statement if the solicitation complies with applicable non-bankruptcy laws—including generally applicable federal and state securities laws or regulations—or, if no such laws exist, the solicited Holders receive "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code.

36.    The Debtor is relying on section 4(a)(2) of the Securities Act, and any applicable Blue Sky Laws provisions, to exempt from registration under the Securities Act and Blue Sky Laws the offer to the Voting Class of Plan Securities prior to the Petition Date, including, without limitation, in connection with the solicitation.   Therefore, the requirements of section 1126(b)(1) of the Bankruptcy Code are inapplicable to the Debtor's prepetition solicitation. Accordingly, the Debtor submits that the Solicitation Procedures satisfy section 1126(b)(2) of the

Bankruptcy Code because all Holders in the Voting Class received "adequate information" as that term is used in section 1125(a) of the Bankruptcy Code and, accordingly, the Solicitation Procedures should be approved.

## V.    Approval of Form and Manner of Service of the Notice

37.    As noted above, the Debtor is required to provide Holders of Claims and Interests at least twenty-eight (28) days' notice of the Objection Deadline pursuant to Bankruptcy Rules 2002(b) and 2002(d).  Bankruptcy Rule 2002(f)(1) provides that notice of "the order for relief" shall be sent by mail to all creditors.  Bankruptcy Rule 2002(d) similarly provides that, unless otherwise ordered by the court, notice of the "order for relief" shall be given to all of the Debtor's equity security holders.

38.    The Debtor proposes to mail (or cause to be mailed) the Notice, substantially in the form annexed as **<u>Exhibit 1</u>** to the Proposed Order, to all known Holders of Claims or Interests, setting forth, among other things: (a) notice of commencement of the Debtor's chapter 11 case; (b) the date, time, and place of the Combined Hearing; (c) instructions for obtaining copies of the Disclosure Statement and the Plan; and (d) the Objection Deadline and procedures for filing objections to the adequacy of the Disclosure Statement and/or confirmation of the Plan.

39.    To provide additional resources and copies of pertinent filings to parties in interest in this case, the Debtor will post to the Solicitation Agent's website various chapter 11 documents, including, among other filings, the following: (a) the Plan; (b) the Disclosure Statement; (c) this Motion and any orders entered in connection with this Motion; (d) the Plan Supplement, when available; and (e) the Notice.  The proposed service of the Notice will provide sufficient notice to all parties in interest in this chapter 11 case of the commencement of the case, the date, time, and place of the Combined Hearing, and the procedures for objecting to the adequacy of the Disclosure Statement or the confirmation of the Plan.

## VI.    Conditional Waiver of Requirement for the Creditors' Meeting, the Schedules and Statements, and the Rule 2015.3 Reports

40.    The Debtor submits that the circumstances of this chapter 11 case merit a conditional waiver of the requirements that the U.S. Trustee convene the Creditors' Meeting and that the Debtor file the Schedules and Statements and the Rule 2015.3 Report.  This relief is appropriate under the circumstances, because the Debtor anticipates obtaining approval of the Disclosure Statement and entry of the Confirmation Order within forty (40) days hereof.

### A.    Creditors' Meeting

41.    Although section 341(a) of the Bankruptcy Code typically requires the U.S. Trustee to convene and preside over the Creditors' Meeting, the Court can waive such a requirement "for cause."  Specifically, section 341(e) provides:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e).  As discussed above, the Debtor solicited acceptances of the Plan before the Petition Date and received acceptances from the requisite number of creditors and amount of claims in the Voting Class.  The Debtor intends to obtain entry of the Confirmation Order within forty (40) days after the Petition Date.  Accordingly, the Debtor requests that the requirement to convene the Creditors' Meeting contemplated by section 341 of the Bankruptcy Code be waived, provided that the Debtor obtains entry of the Confirmation Order on or before May 18, 2018.

### B.    Schedules and Statements

42.    The Debtor also requests that the time for filing the Schedules and Statements be extended until May 18, 2018 and be waived in the event the Plan is confirmed on or prior to that date.  Section 521 of the Bankruptcy Code requires a debtor to file the Schedules and Statements

18

unless the court orders otherwise.  Pursuant to Bankruptcy Rule 1007(c), the Court has authority to grant an extension "for cause" beyond the fourteen (14) day time period allotted to file the Schedules and Statements.  Extensions for cause merely requires that a debtor "demonstrate some justification for the issuance of the order," and "normally will be granted in the absence of bad faith or prejudice to the adverse party."  See, e.g., Bryant v. Smith, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extension under Bankruptcy Rule 1007) (citations omitted).

43.    Here, cause exists to extend the deadline because requiring the Debtor to file the Schedules and Statements during the first fourteen (14) days of the case would distract the Debtor's management and advisors from the work of ensuring a smooth transition into this chapter 11 case and achieving expedited confirmation of the Plan, which is required pursuant to the terms of the Plan Sponsor Agreement.  Given the accelerated confirmation timeline in this chapter 11 case, the Schedules and Statements would also be of limited utility to most parties in interest; the Debtor has already solicited acceptances of the Plan from the Holders of Claims in the Voting Class.  The minimal benefit of requiring the Debtor to prepare the Schedules and Statements following the Petition Date will be significantly outweighed by the substantial expenditure of time and resources the Debtor will be required to devote to the preparation and filing of these documents.  For these reasons, the Court should only potentially require the Debtor to file the Schedules and Statements if the Plan is not confirmed on or before May 18, 2018.[9]

---

[9] Courts in this District have frequently waived the requirements for a debtor to file Schedules and Statements and for the U.S. Trustee to convene a Creditors' Meeting in other prepackaged chapter 11 cases.  See, e.g., In re Orchard Acquisition Co., Case No. 17-12914 (KG) (Bankr. D. Del. Dec. 13, 2017); In re Key Energy Servs., Inc., Case No. 16-12306 (BLS) (Bankr. D. Del. Oct. 25, 2016); In re Halcon Res. Corp., Case No. 16-11724 (BLS) (Bankr. D. Del. Jul. 29, 2016); In re RCS Capital Corp., Case No. 16-10223 (MFW) (Bankr. D. Del. Mar. 29, 2016); In re Offshore Grp. Inv. Ltd., Case No. 15-12422 (BLS) (Bankr. D. Del. Dec. 4, 2015).  For the reasons discussed above, similar relief is appropriate in this case as well.

### C.      Rule 2015.3 Reports

44.      Similarly, the Debtor also requests that the time for filing the Debtor's first Rule 2015.3 Report be extended until May 18, 2018 and waived in the event the Plan is confirmed on or prior to that date.   Bankruptcy Rule 2015.3(a) provides that a debtor must file periodic financial reports regarding the value, operations, and profitability of non-debtor entities in which the debtor holds a substantial or controlling interest no later than seven days before the Creditors' Meeting under section 341 of the Bankruptcy Code, with subsequent Rule 2015.3 Reports being filed every six months thereafter until the effective date of a plan.   Specifically, Official Form No. 426 requires that, for each entity covered by Bankruptcy Rule 2015.3, a debtor must provide, among other things, a balance sheet, a statement of income, a statement of cash flows, a statement of changes in shareholders' or partners' equity, a description of the non-debtor entity's business operations, a description of claims among any non-controlled non-debtor entities, and a description of tax allocations.   Subsequent Rule 2015.3 Reports are to be filed not less frequently than every six months thereafter until the effective date of a plan or dismissal or conversion of the case.   The purpose of Bankruptcy Rule 2015.3 is "to assist parties in interest [in] taking steps to ensure that the debtor's interest" in an entity in which the debtor holds a substantial or controlling interest "is used for the payment of allowed claims against the debtor." Pub. L. No. 109-8 § 419(b) (2005).   As with Bankruptcy Rule 1007, pursuant to Bankruptcy Rule 2015.3 the Court may modify a debtor's obligations "for cause."

45.      As discussed above, the Debtor has concomitantly requested a waiver of the Creditors' Meeting but, out of an abundance of caution, here also requests an extension of the time required to file the first Rule 2015.3 Report.   As with the Schedules and Statements, cause exists in this prepackaged chapter 11 case to extend the deadline to file the first Rule 2015.3 Report and to waive the reporting requirements of Bankruptcy Rule 2015.3 in the event that the

Plan is confirmed on or prior to May 18, 2018.  First, no parties in interest will prejudiced by the extension of the requirement to file the first Rule 2015.3 Report.  The Plan, which has been accepted by the only Voting Class, renders all secured, priority, and general unsecured claims Unimpaired.  In addition, the Plan is supported by the Majority Stockholders, which hold more than 80% of the Debtor's equity.  Before the commencement of solicitation, the Debtor and QCP—the only Voting Class under the Plan—engaged in extensive negotiations, which culminated in the execution of the Restructuring Support Agreement and the Plan Sponsor Agreement.  During such time, QCP was, in its capacity as the lessor of nearly all of the facilities used in the Company's Long-Term Care Business, provided significant access to financial and operational information of the Debtor and its non-debtor subsidiaries.  This information includes, among other things, financial statements, monthly facility-level statements of income and detailed operational statistics, and copies of all regulatory communications received by the Company in connection with the Long-Term Care Business.  Thus, the Rule 2015.3 Reports would be duplicative of the Debtor's previous reporting obligations and would require significant time and resources without providing additional information of material value to parties in interest.

46.     Second, the Debtor has a substantial or controlling interest in more than 300 entities that are not publicly traded and are not debtors in cases under the Bankruptcy Code.  Given the sheer size of the Debtor's corporate family, assembling and compiling a Rule 2015.3 Report in accordance with Official Form No. 426 for each of the non-debtors within the brief period of time allotted by Bankruptcy Rule 2015.3 would be unduly burdensome to the Debtor and its management, personnel, and advisors.  Such reporting would provide only minimal benefits, which would be significantly outweighed by the significant amount of time and

resources the Debtor would be required to devote to the preparation and filing of the Rule 2015.3 Reports.

47.     In addition, the Debtor intends to work cooperatively with the U.S. Trustee, the Debtor's lenders and creditors, their professionals, and other parties in interest to provide appropriate disclosures related to the non-debtor subsidiaries.  For these reasons, the Court should only potentially require the Debtor to file the first Rule 2015.3 Report if the Plan is not confirmed on or before May 18, 2018, which deadline coincides with the date that the Debtor has requested as the conditional deadline to file its Schedules and Statements.  In the event that confirmation of the Plan occurs on or before such date, the Debtor requests that the Court permanently waive the requirement to file the Rule 2015.3 Reports as having been rendered unnecessary.  Similar conditional waiver of the requirements of Bankruptcy Rule 2015.3 has been granted in prepackaged chapter 11 cases in this and other Districts.[10]

48.     Accordingly, the Debtor requests that the Proposed Order provide that:

(a)     the Creditors' Meeting shall not be scheduled by the U.S. Trustee before May 18, 2018, which is approximately seventy-five (75) days from the Petition Date;

(b)     the time for filing the Schedules and Statements and the first Rule 2015.3 Report be extended until the same date;

(c)     if the Plan is confirmed on or before May 18, 2018, the Creditors' Meeting will be waived, and the Debtor will be excused from filing the Schedules and Statements and the Rule 2015.3 Reports, in each case without further order of the Court.

---

[10] See In re Global A&T Elecs. Ltd., Case No. 17-23931 (RDD) (Bankr. S.D.N.Y. Dec. 19, 2017); In re GateHouse Media, Inc., Case No. 13-12503 (MFW) (Bankr. D. Del. Sept. 30, 2013); In re SuperMedia Inc., Case No. 13-10545 (KG) (Bankr. D. Del. Mar. 19, 2013); In re Xerium Techs., Inc., Case No. 10-11031 (KJC) (Bankr. D. Del. Apr. 27, 2010); In re Lear Corp., Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. Aug. 25, 2009); In re BearingPoint, Inc., Case No. 09-10691 (REG) (Bankr. S.D.N.Y. Aug. 20, 2009).  For the reasons discussed above, similar relief is appropriate in this case as well.

49.     The Debtor reserves the right to supplement this Motion and requests that the requested relief be granted without prejudice to the Debtor's ability to seek further extension or modification of the requirements to file the Schedules and Statements, the Rule 2015.3 Reports, and for the U.S. Trustee to convene the Creditors' Meeting.  The Debtor also requests that the Court authorize the Debtor to further extend the deadline to file the Schedules and Statements, the Rule 2015.3 Reports, and convene a Creditors' Meeting without filing a supplemental motion, and without further order from the Court, provided that the Debtor obtains the advance consent of the U.S. Trustee.

## **NOTICE**

50.     Notice of this Motion will be provided to (i) U.S. Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtor; (iii) counsel to QCP; (iv) counsel to the administrative agent under the Company's prepetition credit facility; (v) counsel to The Carlyle Group; (vi) the U.S. Attorney's Office for the District of Delaware; (vii) the Internal Revenue Service; and (viii) the U.S. Department of Justice.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, respectively, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  March 4, 2018
Wilmington, Delaware

SIDLEY AUSTIN LLP
Larry J. Nyhan
Dennis M. Twomey
William A. Evanoff
Allison Ross Stromberg
Matthew E. Linder
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Edmon L. Morton*
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Justin H. Rucki (No. 5304)
Tara C. Pakrouh (No. 6192)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

PROPOSED ATTORNEYS FOR THE DEBTOR AND
DEBTOR IN POSSESSION

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| HCR MANORCARE, INC.,[1] | Case No. 18-_____ (___) |
| Debtor. | **Ref. Docket No. ___** |

**ORDER (I) SCHEDULING COMBINED DISCLOSURE STATEMENT
APPROVAL AND PLAN CONFIRMATION HEARING; (II) ESTABLISHING
THE PLAN AND DISCLOSURE STATEMENT OBJECTION DEADLINE AND
RELATED PROCEDURES; (III) APPROVING THE SOLICITATION
PROCEDURES; (IV) APPROVING THE FORM AND MANNER OF
NOTICE; (V) DIRECTING THAT A MEETING OF CREDITORS NOT BE
CONVENED; AND (VI) CONDITIONALLY WAIVING REQUIREMENT
OF FILING SCHEDULES AND STATEMENTS AND RULE 2015.3 REPORTS**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of an order (this "Order") (i) scheduling the Combined Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan; (ii) establishing the Objection Deadline and approving certain related procedures; (iii) conditionally approving the Solicitation Procedures; (iv) approving the form and manner of the Notice; (v) directing that the U.S. Trustee not convene the Creditors' Meeting if the Plan is confirmed within seventy-five (75) days of the Petition Date; and (vi) conditionally waiving the requirement that the Debtor file the Schedules and Statements and the Rule 2015.3 Reports, and granting certain related relief; and upon consideration of the Castellano Declaration and the Voting Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[1] The last four digits of the Debtor's federal tax identification number are 9231.  The Debtor's mailing address is 333 N. Summit St., Toledo, OH 43604.

[2] Capitalized terms used but not defined in herein shall have the meanings ascribed to such terms in the Motion.

February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtor's estates, its creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      The Combined Hearing (at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan) shall be held before this Court on April 12, 2018 at __:___ a.m. / p.m. (prevailing Eastern Time).  The Combined Hearing may be continued from time to time by the Court without further notice other than adjournments announced in open court or in the filing of a notice or a hearing agenda in this chapter 11 case, and notice of such adjourned date(s) will be available on the electronic case docket.

3.      The schedule set forth below relating to confirmation of the Plan is hereby approved in its entirety, and the Court hereby finds the following schedule of events is consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules:

| Event | Date[3] |
|-------|---------|
| Voting Record Date | March 1, 2018 |
| Commencement of Solicitation | March 3, 2018 |

---

[3] Certain of the proposed dates are subject to the Court's availability.

| | |
|---|---|
| Voting Deadline | March 3, 2018 |
| Petition Date | March 4, 2018 |
| Mailing of Notice | March 7, 2018 |
| Plan Supplement Deadline | April 2, 2018 |
| Objection Deadline | April 5, 2018 |
| Reply Deadline | April 9, 2018 |
| Confirmation Order Deadline | April 9, 2018 |
| Confirmation Brief Deadline | April 9, 2018 |
| Combined Hearing | April 12, 2018 |

4.      The Debtor is authorized to combine the notice of the Combined Hearing and the Objection Deadlines (and related procedures) with the notice of commencement of this chapter 11 case.

5.      The Debtor shall file with the Court the Plan Supplement on or before April 2, 2018.

6.      Any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (a) be in writing, (b) conform to the applicable Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection, and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court, together with a proof of service, no later than **4:00 p.m. (prevailing Eastern Time) on April 5, 2018** (the "Objection Deadline").  In addition to being filed with the Court, any such response or objection must also be served on the notice parties by the Objection Deadline.  **Any objections not timely filed and served in the manner set forth in this Order may, in the Court's discretion, not be considered and may be overruled.**

7.      The Debtor shall, on or before April 9, 2018, file with the Court (a) any replies in support of the Disclosure Statement or the Plan, (b) the Confirmation Order, and (c) the Confirmation Brief.

8.      The Solicitation Procedures utilized by the Debtor for distribution of the Solicitation Package as set forth in the Motion in soliciting acceptances and rejections of the Plan are conditionally determined to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are conditionally approved pending final approval through the Confirmation Order at the Combined Hearing.

9.      The Ballot, in substantially the form attached to the Motion as **Exhibit B**, is conditionally approved pending final approval through the Confirmation Order at the Combined Hearing.

10.     The Tabulation Procedures used for the tabulation of votes to accept or reject the Plan as set forth in the Motion and as described in the Solicitation Package are conditionally approved pending final approval through the Confirmation Order at the Combined Hearing.

11.     The Solicitation Procedures utilized by the Debtor with respect to the Non-Voting Classes as set forth in the Motion are conditionally determined to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are conditionally approved, pending final approval through the Confirmation Order at the Combined Hearing.

12.     The Debtor is authorized to mail the Notice to the Non-Voting Classes, in accordance with the terms of this Order, in lieu of sending such Non-Voting Classes copies of the Disclosure Statement and the Plan and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy Rules or the Local Rules, including

Bankruptcy Rule 3017(d), to transmit copies of the Disclosure Statement and Plan to Non-Voting Classes are hereby waived with respect to such Non-Voting Classes.

13.     Notice of the Combined Hearing as proposed in the Motion and the form of Notice, substantially in the form attached hereto as **Exhibit 1**, shall be deemed good and sufficient notice of the Combined Hearing and no further notice need be given.  The Debtor shall cause the Solicitation Agent to mail a copy of the Notice to the parties set forth in the Motion no later than March 7, 2018, or as soon as reasonably possible, provided that the Notice shall be made no later than the date that is twenty-eight (28) days prior to the Objection Deadline.  The notice procedures set forth in this paragraph constitute good and sufficient notice of the commencement of this chapter 11 case, the Combined Hearing, the Objection Deadline, and procedures for objecting to the adequacy of the Disclosure Statement and confirmation of the Plan.

14.     The Creditors' Meeting shall be waived unless the Plan is not confirmed on or before May 18, 2018, without prejudice to the Debtor's right to request further extension thereof.

15.     Cause exists to extend the time by which the Debtor must file the Schedules and Statements and the first Rule 2015.3 Report until May 18, 2018, without prejudice to the Debtor's right to request further extensions thereof.  If the Plan is confirmed by this Court on or before May 18, 2018, the requirement to file the Schedules and Statements and the Rule 2015.3 Reports in this chapter 11 case shall be waived without the requirement of any further action by the Debtor.

16.     Without limiting the foregoing, the Debtor may extend the deadline to convene the Creditors' Meeting and file the Schedules and Statements and the Rule 2015.3 Reports

without filing a supplemental motion, and without further order from the Court, provided that the Debtor obtains the advance consent of the U.S. Trustee.

17.    The Debtor is authorized and empowered to take all actions necessary or appropriate to effectuate the relief granted in this Order.

18.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19.    This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Scheduling Order.

Dated: _____, 2018
       Wilmington, Delaware                           _____
                                      UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Proposed Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HCR MANORCARE, INC.,[1] | Case No. 18-_____ (____) |
| Debtor. | |

---

**AS FURTHER DESCRIBED HEREIN, PLEASE BE ADVISED THAT, IF CONFIRMED, THE PLAN CONTEMPLATES THAT ALL EQUITY INTERESTS IN HCR MANORCARE, INC. (INCLUDING ANY SUCH ISSUED AND OUTSTANDING COMMON STOCK, PREFERRED STOCK, LIMITED LIABILITY COMPANY INTEREST, PARTNERSHIP INTEREST, OR ANY OTHER INSTRUMENT EVIDENCING AN OWNERSHIP INTEREST IN THE DEBTOR PRIOR TO THE EFFECTIVE DATE) SHALL BE CANCELED ON THE EFFECTIVE DATE AND HOLDERS THEREOF SHALL RECEIVE NO RECOVERY.**

---

**AS FURTHER DESCRIBED HEREIN, PLEASE BE ADVISED THAT ARTICLE IX OF THE PLAN CONTAINS CERTAIN DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

---

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED
CHAPTER 11 BANKRUPTCY CASE, (II) COMBINED HEARING
ON DISCLOSURE STATEMENT APPROVAL, PLAN CONFIRMATION,
AND RELATED MATTERS, (III) OBJECTION DEADLINE AND RELATED
PROCEDURES, AND (IV) SUMMARY OF THE PLAN OF REORGANIZATION**

**NOTICE IS HEREBY GIVEN** as follows:

On March 4, 2018, (the "Petition Date"), HCR ManorCare, Inc., the above-captioned debtor and debtor in possession (the "Debtor") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") the *Prepackaged Plan of Reorganization for HCR ManorCare, Inc.* (the "Plan") and a proposed *Disclosure Statement for the Prepackaged Plan of Reorganization for HCR ManorCare, Inc.* (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532

---

[1] The last four digits of the Debtor's federal tax identification number are 9231.  The Debtor's mailing address is 333 N. Summit St., Toledo, OH 43604.

(the "Bankruptcy Code").  Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtor's proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review between the hours of 8:00 a.m. to 4:00 p.m. (prevailing Eastern Time).  The Plan and the Disclosure Statement also are available for inspection on the Court's website at www.deb.uscourts.gov or free of charge on the Debtor's restructuring website at http://dm.epiq11.com/HCR.[2]

The Plan is a "prepackaged" plan of reorganization agreed to by the Debtor and the parties to the Restructuring Support Agreement, a copy of which is attached to the Disclosure Statement as Exhibit B.  The primary features of the Plan are as follows:

- QCP (or its designee(s)) will receive 100% of the stock of the Reorganized Debtor in full satisfaction of its claims against the Debtor (arising under the Debtor's guarantee of the lease obligations owed to QCP by non-debtor HCR III, an intermediate holding company and indirect subsidiary of the Debtor, as described in detail below).

- No creditors other than QCP will be impaired.

- Equity holders will receive no distributions; however, holders of more than 80% of the equity of the Debtor have agreed to support the Plan.

- The Effective Date of the Plan is contingent upon, among other things, the closing of the Plan Sponsor Agreement executed by the Debtor and QCP immediately prior to the Petition Date, which sets forth detailed terms and conditions for the transfer of the Company's business to QCP.  The Plan Sponsor Agreement is attached as an exhibit to the Plan.

- HCR III, QCP and the Lessors will enter into the Master Lease Amendment on the Effective Date, and, on or prior to the seventh day after the Effective Date, QCP shall cause the Lessors and HCR III to terminate, release and discharge, the Guaranty pursuant to the Plan Sponsor Agreement.

*QCP and certain of its affiliates, as the Debtor's lessors and the only Creditors that voted on the Plan, voted to accept the Plan.*  The Debtor believes that any valid alternative to Confirmation of the Plan could result in significant delays, litigation, and additional costs, and, ultimately, would jeopardize recoveries for Holders of Allowed Claims.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.  The statements contained herein are summaries of the provisions contained in the Plan and the Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein.  To the extent there is a discrepancy between the terms set forth herein and the terms of the Plan or the Disclosure Statement, the Plan or the Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

01:22949830.1

### Objections to the Plan or Disclosure Statement

Any objections (each, an "Objection") to the Plan or the Disclosure Statement—*including any Objections related to the assumption or rejection of any Executory Contract of the Debtor pursuant to the Plan*—must: (i) be in writing; (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; and (iii) state, with particularity, the legal and factual basis for the objection, and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such Objection. The Debtor believes no cure obligations are due in connection with the Executory Contracts to be assumed by the Plan, and any contract counterparty proposing otherwise must file an Objection by the Objection deadline or be forever barred from asserting such cure obligation.

Objections must be filed with the Court <u>and</u> served upon the following parties (collectively, the "Notice Parties") no later than **4:00 p.m. (Prevailing Eastern Time) on _____, 2018**: (i) the Debtor, 333 N. Summit St., Toledo, Ohio 43604, Attn: Richard A. Parr II; (ii) proposed co-counsel for the Debtor, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois, Attn: Larry J. Nyhan (lnyhan@sidley.com) and Dennis M. Twomey (dtwomey@sidley.com); (iii) proposed co-counsel for the Debtor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton (emorton@ycst.com) and Justin H. Rucki (jrucki@ycst.com); (iv) counsel to QCP, Sullivan and Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com) and David R. Zylberberg (zylberbergd@sullcrom.com); (v) counsel to the administrative agent under the Company's prepetition credit facility, (1) Akin Gump Strauss Hauer & Feld LLP, Bank of America Tower, One Bryant Park, New York, NY 10036, Attn: Philip C. Dublin (pdublin@akingump.com) and Alexis Freeman (afreeman@akingump.com), and (2) Blank Rome LLP, 1201 North Market Street, Wilmington, DE 19801, Attn: Stanley Tarr (starr@blankrome.com); (vi) counsel to The Carlyle Group, Latham & Watkins LLP, 555 Eleventh Street, NW, Suite 1000, Washington, D.C. 20004-1304, Attn: Daniel T. Lennon (daniel.lennon@lw.com), Roger G. Schwartz (roger.schwartz@lw.com) and J. Cory Tull (cory.tull@lw.com); (vii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda J. Casey, Esq. (linda.casey@usdoj.gov); and (viii) those parties who have filed a notice of appearance in this chapter 11 case.

---

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE COURT.**

---

### Hearing on Confirmation of the Plan, the Adequacy of the Disclosure Statement, and Related Matters

The hearing (the "Combined Hearing") will be held before the Honorable _____, United States Bankruptcy Judge, __ floor, in Courtroom ____ of the United States Bankruptcy Court, 824 North Market Street, Wilmington, Delaware, 19801, on _____, **2018, at ___:___ __.m. (prevailing Eastern Time)** to consider the adequacy of the Disclosure Statement, Confirmation of the Plan, any Objections to any of the foregoing, and any other matter that may

properly come before the Court. Please be advised that the Combined Hearing may be continued from time to time by the Court or the Debtor without further notice other than by such adjournment being announced in open court or by a notice of adjournment or hearing agenda filed with the Court.

## Summary of Plan Treatment and Expected Recoveries

The following chart summarizes the treatment provided by the Plan to each class of Claims and Interests in the Debtor, and indicates the voting status of each class.

| Class | Claim or Interest | Status | Voting Rights | Treatment of Allowed Claims/Interests | Plan Recovery |
|---|---|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Deemed to Accept | Paid in full in Cash / Reinstated / Unimpaired | 100% |
| 2 | Secured Claims | Unimpaired | Deemed to Accept | Paid in full in Cash / Reinstated / Collateral Returned / Unimpaired | 100% |
| 3 | Credit Facility Claims | Unimpaired | Deemed to Accept | Reinstated | 100% |
| 4 | QCP Claims | Impaired | Entitled to Vote | 100% of the New Common Stock of Reorganized Debtor | < 100% |
| 5 | General Unsecured Claims | Unimpaired | Deemed to Accept | Paid in full in Cash / Reinstated / Unimpaired | 100% |
| 6 | Severance Claims | Unimpaired | Deemed to Accept | Paid in full in Cash | 100% |
| 7 | Section 510(b) Claims | Impaired | Deemed to Reject | Extinguished | 0% |
| 8 | Interests in the Debtor | Impaired | Deemed to Reject | Canceled | 0% |

## Discharge, Injunctions, Exculpation, and Release

Please be advised that the Plan contains certain discharge, release, exculpation, and injunction provisions as follows:[3]

## A.      Relevant Definitions

*"Exculpated Parties"* **means each of the following solely in their capacity as such: (a) the Debtor; (b) the Reorganized Debtor; (c) Carlyle; (d) the Credit Facility Agent; (e) the Credit Facility Lenders; (f) QCP; and (g) with respect to each of the foregoing parties under (a) through (f), such Entities' Related Persons.**

---

[3] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.

01:22949830.1

*"Released Parties"* **means each of the following solely in its capacity as such: (a) the Debtor; (b) the Reorganized Debtor; (c) Carlyle; (d) the Credit Facility Agent; (e) the Credit Facility Lenders; (f) QCP and (g) with respect to each of the foregoing parties under (a) through (f), such Entities' Related Persons.**

**B.      Discharge of Claims and Termination of Interests**

Except as otherwise provided in the Plan or in the Confirmation Order including with respect to any Claims that are Reinstated under the Plan, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims and Interests of any nature whatsoever, whether known or unknown, against the Debtor or its Estate, assets, properties or interest in property, and regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests.  On the Effective Date, except for Reinstated Claims, the Debtor shall be deemed discharged and released under section 1141(d)(l)(A) of the Bankruptcy Code from any and all Claims and Interests, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, General Unsecured Claims, and Interests in the Debtor.

**C.      Discharge Injunction**

**As of the Effective Date, except as otherwise expressly provided in the Plan or the Confirmation Order, all Entities (other than holders of Reinstated Claims solely in their capacities as such) shall be precluded from asserting against the Debtor or the Reorganized Debtor and their respective assets and property or the Estate, any other or further Claims (other than those Reinstated under the Plan), or any other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities of any nature whatsoever, relating to the Debtor or Reorganized Debtor or any of their respective assets and property or the Estate, based upon any act, omission, transaction or other activity of any nature that occurred prior to the Effective Date.  In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge of all non-Reinstated Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void and extinguish any judgment obtained against the Debtor, the Reorganized Debtor, or its respective assets, property and Estate at any time, to the extent such judgment is related to a discharged Claim, debt or liability.  Except as otherwise specifically provided in the Plan or the Confirmation Order, all Persons or Entities who have held, hold or may hold Claims or Interests that arose prior to the Effective Date and all other parties-in-interest, along with their respective present or former employees, agents, officers, directors, principals, representatives and Affiliates, are permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim (including a Section 510(b) Claim) against or Interest in the Reorganized Debtor or property of the Reorganized Debtor, other than to enforce any right to a distribution pursuant to the Plan, (ii) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Reorganized Debtor**

or property of the Reorganized Debtor, other than to enforce any right to a distribution pursuant to the Plan, (iii) creating, perfecting or enforcing any Lien or encumbrance of any kind against the Reorganized Debtor or against the property or interests in property of the Reorganized Debtor, other than to enforce any right to a distribution pursuant to the Plan or (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Reorganized Debtor or against the property or interests in property of the Reorganized Debtor, with respect to any such Claim or Interest.  Such injunction shall extend to any successors or assignees of the Reorganized Debtor and their respective properties and interest in properties. For the avoidance of doubt, the provisions of <u>Section 9.2.2</u> of the Plan shall not apply with respect to Claims that are Reinstated under the Plan, including, without limitation, the Credit Facility Claims and the Intercompany Note Claim.

D.      **Releases by the Debtor**

Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, for good and valuable consideration, to the fullest extent permissible under applicable law, each of the Debtor and Reorganized Debtor on its own behalf and as a representative of its respective Estate, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of the Released Parties of and from any and all Claims and Causes of Action (including, without limitation, Avoidance Actions), any and all other obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, direct or derivative, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to the Debtor, the Reorganized Debtor, their respective assets and property, and the Estate, the Chapter 11 Case, the Plan, the Plan Supplement or the Disclosure Statement that may be asserted by or on behalf of the Debtor, the Reorganized Debtor or the Estate against any of the Released Parties; <u>provided</u>, <u>however</u>, that nothing in <u>Section 9.3</u> of the Plan shall be construed to release any party from fraud, willful misconduct or gross negligence as determined by a Final Order.

E.      **Releases by Certain Holders of Claims**

Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, for good and valuable consideration, to the fullest extent permissible under applicable law, each Holder of a Claim or an Interest that votes to accept the Plan shall be deemed to have completely and forever released, waived, and discharged unconditionally each of the Released Parties of and from any and all Claims, any and all other obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, those arising under the Bankruptcy Code), whether liquidated or unliquidated, fixed or contingent, direct or derivative, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are or may be based in whole

or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to the Debtor, the Reorganized Debtor or their respective assets and property, and the Estate, the Chapter 11 Case, the Plan, the Plan Supplement, and/or the Disclosure Statement; provided, however, that nothing in Section 9.4 of the Plan shall be construed to release (x) any party from fraud, willful misconduct or gross negligence as determined by a Final Order or (y) any Reinstated Claim including, without limitation, the Credit Facility Claims and the Intercompany Note Claims.

F.     **Exculpation**

From and after the Effective Date, the Exculpated Parties shall neither have nor incur any liability to, or be subject to any right of action by, any Holder of a Claim or an Interest, or any other party in interest, or any of their respective employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, formulating, negotiating or implementing the Plan, the Plan Supplement, the Disclosure Statement, the Plan Sponsor Agreement, the Restructuring Support Agreement, the New Master Lease, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, the administration of the Plan, the property to be distributed under the Plan, the consummation of the transactions contemplated by the Plan Sponsor Agreement, or any other act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Case or implementation of the Plan; provided, however, that Section 9.5 of the Plan shall not apply to release (x) obligations under the Plan, and obligations under the Plan Sponsor Agreement, the Restructuring Support Agreement, the New Master Lease and the contracts, instruments, releases, agreements, and documents delivered, Reinstated or assumed under the Plan (including, without limitation, the Credit Facility and the Intercompany Note), and (y) any Claims or Causes of Action arising out of fraud, willful misconduct or gross negligence as determined by a Final Order. Any of the Released Parties shall be entitled to rely, in all respects, upon the advice of counsel with respect to their duties and responsibilities under the Plan.

Notwithstanding the foregoing, solely to the extent provided by section 1125(e) of the Bankruptcy Code, the Debtor and the Reorganized Debtor shall neither have, nor incur any liability to any Entity for any exculpated Claim; provided, however, that the foregoing "Exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted fraud, willful misconduct or gross negligence.

Any of the Exculpated Parties shall be entitled to rely, in all respects, upon the advice of counsel with respect to their duties and responsibilities under the Plan.

G.     **Injunctions Related to Exculpation and Releases**

(a) Except as expressly provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons and Entities that hold, have held, or may hold a Claim or any

01:22949830.1

other obligation, suit, judgment, damages, debt, right, remedy, Cause of Action or liability of any nature whatsoever, of the types described in <u>Section 9.5</u> of the Plan and relating to the Debtor, the Reorganized Debtor or any of their respective assets and property and/or the Estate, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Exculpated Party or its property on account of such released liabilities, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under <u>Section 9.1</u> of the Plan; and/or (v) commencing or continuing in any manner any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

(b) Except as expressly provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons and Entities that hold, have held, or may hold a Claim or any other obligation, suit, judgment, damages, debt, right, remedy, Cause of Action or liability of any nature whatsoever, of the types described in <u>Section 9.4</u> of the Plan and relating to the Debtor, the Reorganized Debtor or any of their respective assets and property and/or the Estate, the Chapter 11 Case, the Plan, the Plan Supplement and/or the Disclosure Statement are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Released Party or its property on account of such released liabilities, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under <u>Section 9.1</u> of the Plan; and/or (v) commencing or continuing in any manner any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

*[Remainder of Page Intentionally Left Blank]*

Dated:  March 4, 2018            SIDLEY AUSTIN LLP
Wilmington, Delaware         Larry J. Nyhan
Dennis M. Twomey
William A. Evanoff
Allison Ross Stromberg
Matthew E. Linder
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Edmon L. Morton*
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Justin H. Rucki (No. 5304)
Tara C. Pakrouh (No. 6192)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

PROPOSED ATTORNEYS FOR THE DEBTOR AND
DEBTOR IN POSSESSION

01:22949830.1

9

**<u>Exhibit B</u>**

**Form of Class 4 Ballot**

**IMPORTANT**: A CHAPTER 11 CASE HAS NOT BEEN COMMENCED AS OF THE DATE OF DISTRIBUTION OF THIS BALLOT.  THIS BALLOT IS A PREPETITION SOLICITATION OF YOUR VOTE ON A PREPACKAGED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE.  THE VOTING DEADLINE IS MARCH 3, 2018 AT 11:59 P.M. (PREVAILING EASTERN TIME).

---

**CLASS 4 QCP CLAIMS BALLOT FOR ACCEPTING OR REJECTING THE PREPACKAGED PLAN OF REORGANIZATION FOR HCR MANORCARE, INC.**

---

| | |
|---|---|
| **IMPORTANT NOTE:** | PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT AND READ THE DISCLOSURE STATEMENT (THE "DISCLOSURE STATEMENT") AND PREPACKAGED PLAN OF REORGANIZATION (THE "PLAN")[1] FOR HCR MANORCARE, INC. (THE "PROSPECTIVE DEBTOR"), INCLUDED WITH THIS BALLOT, BEFORE COMPLETING THIS BALLOT.  THIS BALLOT PERMITS YOU TO VOTE TO ACCEPT OR REJECT THE PLAN, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL AND WHICH CONTEMPLATES COMPREHENSIVE RESTRUCTURING TRANSACTIONS (THE "RESTRUCTURING TRANSACTIONS"), EACH AS MORE FULLY DESCRIBED IN THE DISCLOSURE STATEMENT AND THE PLAN, UPON THE EMERGENCE OF THE PROSPECTIVE DEBTOR FROM BANKRUPTCY.  THE PROSPECTIVE DEBTOR HAS NOT COMMENCED A CHAPTER 11 CASE AS OF THE DATE HEREOF. |
| **DEADLINE:** | YOU MUST COMPLETE, EXECUTE, AND DELIVER THIS BALLOT SO THAT IT IS ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") PRIOR TO 11:59 P.M. (PREVAILING EASTERN TIME) ON MARCH 3, 2018 (THE "VOTING DEADLINE"). |
| **QUESTIONS:** | If you have any questions regarding this Ballot, the enclosed voting instructions, the procedures for voting, or need to obtain additional solicitation materials, please contact the Solicitation Agent at 1-646-282-1802 or by email at tabulation@epiqsystems.com and reference "HCR ManorCare" in the subject line. |
| **CLASS 4 NOTICE:** | You have received this Ballot because you are the Holder of a Class 4 QCP Claim as of March 1, 2018 (the "Voting Record Date") and, as such |

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan; the Plan governs in the event of any inconsistencies.

Holder, you have the right to execute this Ballot and vote to accept or reject the Plan.

This Ballot may not be used for any purpose other than for submitting a vote with respect to the Plan and making certain certifications with respect to the Plan (as described below and in the Disclosure Statement and the Plan).  If you believe you have received this Ballot in error, please contact the Solicitation Agent immediately.

You should read the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the proposals related to the Plan.

| | |
|---|---|
| **RESTRUCTURING TRANSACTION BACKGROUND:** | The Prospective Debtor is soliciting votes to accept or reject the Plan from the Holders of QCP Claims.  The Prospective Debtor may file a chapter 11 case in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and seek to consummate the Restructuring Transactions through the chapter 11 bankruptcy process and the Plan.  The Prospective Debtor will file the Plan, the related Disclosure Statement and an affidavit summarizing the voting results with the Bankruptcy Court on or shortly after the date of the filing of the chapter 11 case.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  If you vote to accept the Plan, the Bankruptcy Court may confirm the Plan, which effectuates the Restructuring Transactions.  Upon confirmation by the Bankruptcy Court, the Plan will be binding on you. |
| **TREATMENT OF YOUR CLASS 4 QCP CLAIMS:** | If the Plan is consummated, then, subject to the terms and conditions set forth therein, you will receive the following treatment:<br><br>The Holders of the QCP Claims (or the designee(s) of QCP) shall receive on the Effective Date, in full and final satisfaction, release, and discharge of, and in exchange for, their QCP Claims, 100% of the New Common Stock of Reorganized Debtor.<br><br>**For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.** |

## VOTING—COMPLETE THIS SECTION

| | |
|---|---|
| **ITEM 1:**<br>**AMOUNT OF**<br>**CLASS 4 QCP**<br>**CLAIM** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 4 QCP Claim in the following unpaid amount: |

> Amount of Claim: $

| | |
|---|---|
| **ITEM 2:**<br>**VOTE TO**<br>**ACCEPT OR**<br>**REJECT THE**<br>**PLAN** | You may vote to accept or reject the Plan. You must check one of the boxes below in order to have your vote counted.<br><br>The Holder of the Class 4 QCP Claim set forth in Item 1 above votes to (*please check one box below*): |

> ☐  **ACCEPT** (VOTE FOR) THE PLAN
>
> ☐  **REJECT** (VOTE AGAINST) THE PLAN

Please note that you are voting your entire Class 4 QCP Claim either to accept or reject the Plan. You may not split your vote. If you do not indicate that you either accept or reject the Plan by checking the applicable box above, your Ballot with respect to this Item 2 will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes above, your Ballot with respect to this Item 2 will not be counted.

| | |
|---|---|
| **ITEM 3:**<br>**CERTIFICATIONS** | By signing and returning this Ballot, the undersigned certifies to the Prospective Debtor and the Bankruptcy Court that: |

1. the undersigned is (a) the Holder of the Class 4 QCP Claim being voted, or (b) the authorized signatory for an entity that is the Holder of such Claim;

2. the undersigned has received a copy of the Solicitation Package, including the Disclosure Statement and the Plan, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein;

3. the undersigned has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4.  the undersigned has cast the same vote with respect to all of its Class 4 QCP Claim in connection with the Plan;

5.  no other Ballot with respect to the Class 4 QCP Claim identified in Item 1 has been cast or, if any other Ballot has been cast with respect to such Claim, then any such earlier Ballot is hereby revoked; and

6.  the undersigned is an "Accredited Investor"[2] as such term is defined in Rule 501(a) of the Securities Act of 1933, 15 U.S.C. §§ 77a-77aa.

---

[2] The definition of "Accredited Investor" is attached hereto as **<u>Exhibit A</u>**.

**ITEM 4:**
**BALLOT COMPLETION INFORMATION—COMPLETE THIS SECTION**

Name of Claim Holder:    _____

Signature:    _____

Authorized Signatory
Name (if other than the    _____
Holder):

Notice Address for Holder:    _____

_____

Notice Email Address    _____
Holder:

Date Completed:    _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT <u>PROMPTLY</u> TO THE ELECTRONIC MAIL ADDRESS BELOW. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE.**

<u>Via Electronic Mail</u>
tabulation@epiqsystems.com (reference "HCR ManorCare" in the subject line)

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

1. To vote on the Plan, you <u>MUST</u>: (a) fully complete the Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 2 of this Ballot; (c) sign, date, and return the Ballot in accordance with the instructions on the Ballot to the electronic mail address set forth below.

2. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan or is improperly signed and returned will <u>NOT</u> be counted unless the Prospective Debtor otherwise determines in its sole discretion.

3. To vote on the Plan, you <u>MUST</u> deliver your completed Ballot to the Solicitation Agent so as to be <u>ACTUALLY</u> <u>RECEIVED</u> by the Solicitation Agent on or before the Voting Deadline, which is 11:59 p.m. (prevailing Eastern Time) on March 3, 2018, at the following address:

   <u>Via Electronic Mail</u>
   tabulation@epiqsystems.com (reference "HCR ManorCare" in the subject line)

4. Any Ballot received by the Solicitation Agent after the Voting Deadline will <u>NOT</u> be counted with respect to acceptance or rejection of the Plan, unless the Prospective Debtor otherwise determines. No Ballot may be withdrawn or modified after the Voting Deadline without the Prospective Debtor's prior consent.

5. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the electronically mailed Ballot. You should allow sufficient time to assure timely delivery.

6. If you deliver multiple Ballots to the Solicitation Agent with respect to the same Claim(s), <u>ONLY THE LAST</u> properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot(s).

7. You must vote your entire Class 4 QCP Claim either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 4, the Prospective Debtor has directed the Solicitation Agent to aggregate the Claims of any particular Holder within Class 4 for the purpose of counting votes.

8. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in any chapter 11 case commenced by the Prospective Debtor.

9. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with the information contained in, the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

10. SIGN AND DATE your Ballot.[3]  In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot.

11. Each Ballot votes only Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE DELIVER YOUR BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE ENCLOSED VOTING INSTRUCTIONS, THE PROCEDURES FOR VOTING, OR NEED TO OBTAIN ADDITIONAL COPIES OF THE SOLICITATION PACKAGE, PLEASE CONTACT THE SOLICITATION AGENT AT 1-646-282-1802 OR BY EMAIL AT TABULATION@EPIQSYSTEMS.COM AND REFERENCE "HCR MANORCARE" IN THE SUBJECT LINE.**

---

[3] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Prospective Debtor, the Prospective Debtor's counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

**Exhibit A**

**"Accredited Investor"**

Rule 501(a) under Regulation D of the Securities Act of 1933, in relevant part, states that an "accredited investor" shall mean any person who comes within any of the below listed categories, or who the issuer reasonably believes comes within any of the below listed categories, at the time of the sale of the securities to that person.

(1) Any bank as defined in section 3(a)(2) of the Act, or any savings and loan association or other institution as defined in section 3(a)(5)(A) of the Act whether acting in its individual or fiduciary capacity; any broker or dealer registered pursuant to section 15 of the Securities Exchange Act of 1934; any insurance company as defined in section 2(a)(13) of the Act; any investment company registered under the Investment Company Act of 1940 or a business development company as defined in section 2(a)(48) of that Act; any Small Business Investment Company licensed by the U.S. Small Business Administration under section 301(c) or (d) of the Small Business Investment Act of 1958; any plan established and maintained by a state, its political subdivisions, or any agency or instrumentality of a state or its political subdivisions, for the benefit of its employees, if such plan has total assets in excess of $5,000,000; any employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 if the investment decision is made by a plan fiduciary, as defined in section 3(21) of such act, which is either a bank, savings and loan association, insurance company, or registered investment adviser, or if the employee benefit plan has total assets in excess of $5,000,000 or, if a self-directed plan, with investment decisions made solely by persons that are accredited investors;

(2) Any private business development company as defined in section 202(a)(22) of the Investment Advisers Act of 1940;

(3) Any organization described in section 501(c)(3) of the Internal Revenue Code, corporation, Massachusetts or similar business trust, or partnership, not formed for the specific purpose of acquiring the securities offered, with total assets in excess of $5,000,000;

(4) Any director, executive officer, or general partner of the issuer of the securities being offered or sold, or any director, executive officer, or general partner of a general partner of that issuer;

(5) Any natural person whose individual net worth, or joint net worth with that person's spouse, exceeds $1,000,000, subject to the calculation of such net worth as set forth in such Rule;

(6) Any natural person who had an individual income in excess of $200,000 in each of the two most recent years or joint income with that person's spouse in excess of $300,000 in each of those years and has a reasonable expectation of reaching the same income level in the current year;

(7) Any trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the securities offered, whose purchase is directed by a sophisticated person as described in § 230.506(b)(2)(ii); and

(8) Any entity in which all of the equity owners are accredited investors.