## Exhibit A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HCR MANORCARE, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-10467 (KG)<br><br>Ref. Docket. No. ___ |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT
OF MOELIS & COMPANY LLC AS INVESTMENT BANKER TO
THE DEBTOR AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO
THE PETITION DATE PURSUANT TO SECTIONS 327(a) AND 328(a) OF
THE BANKRUPTCY CODE, (II) WAIVING CERTAIN REQUIREMENTS
OF LOCAL RULE 2016-2 AND (III) GRANTING RELATED RELIEF**

Upon the application (the "Application"),[2] of HCR ManorCare, Inc. (the "Debtor") for entry of an order (this "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-2, authorizing the Debtor to employ and retain Moelis & Company LLC ("Moelis") as investment banker to the Debtor, *nunc pro tunc* to the Petition Date, on the terms set forth in the Engagement Letter; and the Court being satisfied, based on the representations made in the Application and the Keil Declaration, that Moelis does not hold or represent any entity having an interest adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Application and the

---

[1] The last four digits of the Debtor's federal tax identification number are 9231. The Debtor's mailing address is 333 N. Summit St., Toledo, OH 43604.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

01:22995723.1

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Application having been given; and the relief requested in the Application being in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtor is authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, to employ and retain Moelis as investment banker to the Debtor on the terms and conditions set forth in the Engagement Letter, *nunc pro tunc* to the Petition Date.

3. The terms of the Engagement Letter, including without limitation, the compensation and the indemnification provisions (as modified by this Order), are reasonable terms and conditions of employment and are hereby approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and the Debtor is authorized and directed to perform its payment, reimbursement, contribution, and indemnification obligations and its non-monetary obligations, in accordance with the terms and conditions and at the times specified, in the Engagement Letter. Subject to paragraph six of this Order, all compensation, reimbursement of expenses, indemnification, contribution, and reimbursement to Moelis and any Indemnified Person under the Engagement Letter shall be subject to review only pursuant to the standards set forth in

section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code.

4. The Debtor is authorized to pay Moelis' fees and to reimburse Moelis for its reasonable costs and expenses as provided in the Engagement Letter, including, but not limited to, in-sourced document production costs, travel costs, meals, and the fees, disbursements and other charges of Moelis' external legal counsel (without the need for such legal counsel to be retained as a professional in these chapter 11 cases and without regard to whether such legal counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code). In the event that Moelis seeks reimbursement from the Debtor for attorneys' fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Moelis' own applications, both interim and final, and these invoices and time records shall be subject to the U.S. Trustee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

5. Moelis shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court; *provided, however*, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, Local Rule 2016-2, and any other orders and procedures of this Court are hereby modified such that Moelis' restructuring professionals shall be required only to keep summary time records in hourly increments, Moelis' non-restructuring

professionals and personnel in administrative departments (including legal) shall not be required to keep any time records, Moelis' restructuring professionals shall not be required to keep time records on a project category basis, and Moelis shall not be required to provide or conform to any schedule of hourly rates.

6. Moelis shall be compensated in accordance with the terms of the Engagement Letter and, in particular, all of Moelis' fees and expenses in these chapter 11 cases are hereby approved pursuant to section 328(a) of the Bankruptcy Code.  Notwithstanding anything to the contrary herein, the fees and expenses payable to Moelis pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee.  This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Moelis' compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code; *provided, however*, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in these cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on an hourly or length-of-case based criteria.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Moelis' compensation.

7. The indemnification provisions set forth in the Indemnification Agreement are modified during the pendency of these chapter 11 cases as follows:

01:22995723.1

4

(a) Moelis shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Indemnification Agreement, unless the indemnification, contribution, or reimbursement is approved by the Court.

(b) Notwithstanding any provision of the Indemnification Agreement to the contrary, the Debtor shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from the Indemnified Person's gross negligence, willful misconduct, bad faith, or self-dealing to which the Debtor has not consented; (b) for a contractual dispute in which the Debtor alleges breach of the Indemnified Person's obligations to maintain the confidentiality of non-public information, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled without the Debtor's consent prior to a judicial determination as to the Indemnified Person's gross negligence, willful misconduct, bad faith, or unconsented self-dealing, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Indemnification Agreement, as modified by this Order.

(c) If, before the earlier of: (a) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal); and (b) the entry of an order closing this chapter 11 case, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Indemnification Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, such Indemnified Person must file an application therefor in this Court, and the Debtor may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (iii) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, and/or reimbursement by any Indemnified Persons, and not a provision limiting the duration of the Debtor's obligation to indemnify, or make contributions or reimbursements to, the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, and/or reimbursement.

(d) Any limitations on any amounts to be contributed by the parties to the Indemnification Agreement shall be eliminated. The Indemnified Persons shall retain any rights they may have to contribution at common law.

8. Moelis shall apply the remainder of the $10,000 in retainer amounts received from the Debtor before the Petition Date to post-petition expenses after completing reconciliation of the retainer against its prepetition expenses.

9. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Keil Declaration, any Restructuring Fee payable to Moelis under the Engagement Letter shall only be earned upon consummation of the Restructuring.

10. The relief granted herein shall be binding upon any chapter 11 trustee appointed in this chapter 11 case, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of this chapter 11 case to a case under chapter 7.

11. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

12. The Debtor and Moelis are authorized, empowered, and directed to take all steps necessary or appropriate to carry out this Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2018
Wilmington, Delaware

                KEVIN GROSS
                UNITED STATES BANKRUPTCY JUDGE

01:22995723.1