<u>**Exhibit B**</u>

**Keil Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HCR MANORCARE, INC.,[1] | Case No. 18-10467 (KG) |
| Debtor. | |

**DECLARATION OF ADAM B. KEIL IN SUPPORT
OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF
MOELIS & COMPANY LLC AS INVESTMENT BANKER TO THE
DEBTOR AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE
PETITION DATE PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE, (II) WAIVING CERTAIN REQUIREMENTS OF
LOCAL RULE 2016-2 AND (III) GRANTING RELATED RELIEF**

I, Adam B. Keil, declare under penalty of perjury that:

1.      I am a Managing Director of Moelis & Company LLC ("Moelis"), which has its principal office at 399 Park Avenue, New York, New York 10022.  I am duly authorized to make this declaration (the "Declaration") on behalf of Moelis.

2.      This Declaration is being submitted in connection with the proposed retention of Moelis as investment banker to the above-captioned debtor and debtor in possession (the "Debtor") to perform services as set forth in the application seeking to retain Moelis (the "Application").[2]  Moelis was engaged by the Debtor pursuant to that certain engagement letter by and between the Debtor and Moelis, dated as of June 2, 2017 (the "Engagement Letter").

3.      Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge of Moelis' engagement with the Debtor, my discussions with other members

---

[1] The last four digits of the Debtor's federal tax identification number are 9231.  The Debtor's mailing address is 333 N. Summit St., Toledo, OH 43604.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Application.

of the Moelis team[3] and the Debtor's other advisors, my review of relevant documents, and/or my opinion based upon my experience. If called to testify, I could and would testify to each of the facts set forth herein based on such personal knowledge, discussions, review of documents, and/or opinion. To the extent that any information disclosed herein requires subsequent amendment or modification upon Moelis' completion of further analysis or as additional creditor information becomes available to it, one or more supplemental declarations will be submitted to the court reflecting the same.

## MOELIS' QUALIFICATIONS

4.      I believe that Moelis and the professionals it employs are uniquely qualified to advise the Debtor in the matters for which Moelis is proposed to be employed.

5.      Moelis is an investment banking firm. Moelis is a registered broker-dealer with the United States Securities and Exchange Commission and is a member of the Financial Industry Regulatory Authority. Moelis was founded in 2007 and is a wholly owned subsidiary of Moelis & Company Group LP. Moelis & Company Group LP, together with its subsidiaries, has approximately 650 employees based in 17 offices in North and South America, Europe, the Middle East, Asia, and Australia. Moelis & Company Group LP is a subsidiary of Moelis & Company, a public company listed on the New York Stock Exchange.

6.      Moelis provides a broad range of financial advisory and investment banking services to its clients, including: (a) general corporate finance; (b) mergers, acquisitions, and divestitures; (c) corporate restructurings; (d) special committee assignments; and (e) capital raising. Moelis and its senior professionals have extensive experience in the reorganization and restructuring of distressed companies, both out-of-court and in chapter 11. Moelis' business

---

[3] Certain disclosures herein relate to matters within the personal knowledge of other professionals at Moelis and are based on information provided by them.

reorganization professionals have served as financial advisors and/or investment bankers in numerous cases, including: In re Toys "R" Us, Inc., Case No. 17-34665 (KLP) (Bankr. E.D. Va. Nov. 21, 2017) [D.I. 1054]; In re TK Holdings Inc., Case No. 17-11375 (BLS) (Bankr. D. Del. Aug. 30, 2017) [D.I. 657]; In re Basic Energy Services, Inc., Case No. 16-12320 (KJC) (Bankr. D. Del. Nov. 17, 2016) [D.I. 170]; In re UCI Int'l, LLC, Case No. 16-11354 (MFW) (Bankr. D. Del. July 12, 2016) [D.I. 289]; In re AOG Entm't, Inc., Case No. 16-11090 (SMB) (Bankr. S.D.N.Y. June 8, 2016) [D.I. 128]; In re SFX Ent'mt, Inc., Case No. 16-10238 (MFW) (Bankr. D. Del. Mar. 21, 2016) [D.I. 265]; In re Samson Res. Corp., Case No. 15-11934 (CSS) (Bankr. D. Del. Dec. 9, 2015) [D.I. 450]; In re Am. Apparel, Inc., Case No. 15-12055 (BLS) (Bankr. D. Del. Nov. 30, 2015) [D.I. 390]; In re Allied Nev. Gold Corp., Case No. 15-10503 (MFW) (Bankr. D. Del. Apr. 15, 2015) [D.I. 201]; In re ITR Concession Co. LLC, Case No. 14-34284 (Bankr. N.D. Ill. Oct. 28, 2014) [D.I. 180]; In re GSE Envt'l, Inc., Case No. 14-11126 (MFW) (Bankr. D. Del. May 30, 2014) [D.I. 155]; In re MACH Gen, LLC, Case No. 14-10461 (MFW) (Bankr. D. Del. Apr. 11, 2014) [D.I. 138]; In re Sorenson Commc'ns, Inc., Case No. 14-10454 (BLS) (Bankr. D. Del. Mar. 26, 2014) [D.I. 131]; In re Cengage Learning, Inc., Case No. 13-44106 (ESS) (Bankr. E.D.N.Y. Sept. 13, 2013) [D.I. 478]; In re OSH 1 Liquidating Corp. f/k/a Orchard Supply Hardware Stores Corp., Case No. 13-11565 (CSS) (Bankr. D. Del. July 15, 2013) [D.I. 221]; In re Revel AC, Inc., Case No. 13-16253 (JHW) (Bankr. D.N.J. Apr. 17, 2013) [D.I. 149].

7.     Moelis has been advising the Debtor on strategic and restructuring initiatives since June 2017.  Pursuant to the Engagement Letter, Moelis agreed to act as the Debtor's exclusive financial advisor, capital markets advisor, and investment banker in connection with a

potential Restructuring, Sale Transaction and/or Capital Transaction (each of the foregoing, a "Transaction").

8.     As a result of its work with the Debtor over the past nine months, including in connection with the Company's entry the Credit Facility (as defined in the Plan), Moelis has developed valuable institutional knowledge regarding the Company's businesses, financial affairs, operations, capital structure, and other material information.  Having worked with the Debtor's management and the Debtor's other advisors, Moelis has developed relevant experience and expertise regarding the Debtor that will assist it in providing effective and efficient services in this chapter 11 case.

## SCOPE OF MOELIS' PROPOSED SERVICES

9.     The terms and conditions of the Engagement Letter were the result of significant discussions and negotiations between Moelis and the Debtor.  As such, the Engagement Letter reflects the parties' mutual agreement as to the substantial efforts that will be required in this engagement to enable the Debtor to execute its duties as debtor in possession and to effect its reorganization efforts.

10.     Throughout Moelis' engagement by the Debtor, Moelis has provided the following services, among others, in connection with the Debtor's restructuring efforts, and/or Moelis will provide or continue to provide such services during this chapter 11 case at the request of the Debtor:

      (a)     assisting the Debtor in reviewing and analyzing the Debtor's results of operations, financial condition, and business plan;

      (b)     assisting the Debtor in reviewing and analyzing any potential Transaction;

      (c)     assisting the Debtor in negotiating any Transaction;

      (d)     advising the Debtor on the terms of securities it offers in any potential Capital Transaction;

(e)     advising the Debtor on its preparation of an Information Memo for, a potential Sale Transaction or Capital Transaction;

(f)     assisting the Debtor in contacting potential Acquirers or purchasers of a Capital Transaction that Moelis and the Debtor agree are appropriate, and meet with and provide them with the Information Memo and such additional information about the Debtor's assets, properties or business that is acceptable to the Debtor, subject to customary business confidentiality agreements; and

(g)     providing such other financial advisory and investment banking services in connection with any Transaction as Moelis and the Debtor may mutually agree upon.

11.     If the Debtor requests that Moelis perform services not specifically contemplated by the Engagement Letter, Moelis and the Debtor will agree, in writing, on the terms for such services and request the Court's approval thereof.

## PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENT

12.     Moelis' decision to advise and assist the Debtor in connection with this chapter 11 case is subject to its ability to be retained in accordance with the terms of the Engagement Letter pursuant to section 328(a), and not section 330, of the Bankruptcy Code.

13.     As set forth more fully in the Engagement Letter, and subject thereto, Moelis will be compensated as follows (the "Fee Structure"):[4]

- **Monthly Fee**.  During the term of the Engagement Letter, a Monthly Fee of $200,000 per month, payable in advance of each month.  The Debtor will pay the first Monthly Fee immediately upon execution of the Engagement Letter, and all subsequent Monthly Fees before the second day of each month, provided, however, that 50% of the Monthly Fees earned and paid starting after the commencement date of a Bankruptcy Case shall be credited (to the extent actually paid) against the Restructuring Fee in an In Court Restructuring (it being agreed that no Monthly Fee shall be credited more than once), except that, in no event, shall such credits to the Restructuring Fee earned in an In Court Restructuring result in a Restructuring Fee that is less than zero.  Whether or not a Restructuring, Sale Transaction or Capital Transaction occurs, Moelis shall earn

---

[4] The Engagement Letter also provides for certain additional fees, including a Restructuring Fee for a Restructuring that is not consummated in connection with a Bankruptcy Case, a Sale Transaction Fee, and a Capital Transaction Fee.  Moelis earned and was paid a Capital Transaction Fee before the Petition Date in connection with the closing of the Credit Facility (as defined in the Plan).

and be paid the Monthly Fee every month during the term of the Engagement Letter.

- **Restructuring Fee**.  The Debtor shall pay Moelis a Restructuring Fee equal to $10,000,000 in accordance with the terms of the Engagement Letter.[5]

14.    In addition to any fees payable to Moelis, the Debtor will reimburse Moelis for all of its actual, reasonable and documented expenses as they are incurred in entering into and performing services under the Engagement Letter, including the costs of Moelis' legal counsel (without the need for such legal counsel to be retained as a professional in this chapter 11 case and without regard to whether such legal counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code).

15.    Moelis intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of the Court, including any order approving this Application and consistent with the proposed compensation set forth in the Engagement Letter.

16.    Moelis will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in this chapter 11 case. However, because: (a) it is not the general practice of investment banking firms such as Moelis to keep detailed time records similar to those customarily kept by attorneys; (b) Moelis does not

---

[5] Notwithstanding the terms of the Engagement Letter providing that, with respect to a Transaction intended to be consummated in connection with a pre-packaged or pre-arranged plan, the Restructuring Fee shall be earned upon the execution of a definitive agreement with respect to such plan, Moelis has agreed to (i) delay payment of such Restructuring Fee to after consummation of Quality Care Properties, Inc.'s acquisition of the Debtor, and (ii) upon payment of such Restructuring Fee and payment of any Monthly Fees due and payable to Moelis, Moelis shall not seek payment of any additional Sale Transaction Fee or Capital Transaction Fee; *provided that* the foregoing agreement shall automatically terminate upon termination of the Plan Sponsor Agreement (as defined in the Plan), and, in such event, the terms of the Engagement Letter will otherwise control.  Prior to any termination of the Plan Sponsor Agreement, Moelis shall not be required to provide any services in connection with any Sale Transaction or Capital Transaction.

ordinarily keep time records on a "project category" basis; and (c) Moelis' compensation is based on a fixed Monthly Fee and fixed Transaction Fees, the Debtor respectfully requests that only Moelis' restructuring professionals be required to maintain records (in summary format) of the services rendered for the Debtor, including summary descriptions of those services, the approximate time expended in providing those services (in hourly increments), and the identity of the restructuring professionals who provided those services. Moelis will present such records to the Court in its fee application(s). Moreover, the Debtor respectfully requests that Moelis' restructuring professionals not be required to keep time records on a "project category" basis, that its non-restructuring professionals and personnel in administrative departments (including internal legal) not be required to maintain any time records, and that it not be required to provide or conform to any schedule of hourly rates. To the extent that Moelis would otherwise be required to submit more detailed time records for its professionals by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, or other applicable procedures and orders of the Court, the Debtor respectfully requests that this Court waive such requirements.

17.    I believe the Fee Structure is consistent with, and typical of, compensation arrangements entered into by Moelis and other comparable firms in connection with the rendering of similar services under similar circumstances, both in and outside of bankruptcy proceedings. I also believe that the Fee Structure reflects a balance between a fixed monthly fee and contingency amounts, which are tied to the consummation and closing of one or more Transactions and Moelis' performance of the services set forth in the Engagement Letter.

18.    I believe that the ultimate benefits of Moelis' services under the Engagement Letter cannot be measured by reference to the number of hours to be expended by Moelis' professionals in the performance of such services. The Debtor and Moelis agreed upon the Fee

Structure in anticipation that a substantial commitment of professional time and effort would be required of Moelis and in light of the fact that (a) such commitment could have and may still foreclose other opportunities for Moelis, and (b) the actual time and commitment required of Moelis and its professionals to perform the Restructuring Services may vary substantially from week to week and month to month, creating "peak load" issues for Moelis.

19.    During the 90-day period immediately preceding the Petition Date, the Debtor paid the following amounts to Moelis: (a) $206,327.01 on January 5, 2018 for its November 2017 Monthly Fee and related expenses; (b) $204,036.59 on January 12, 2018 for its December 2017 Monthly Fee and related expenses; (c) $204,909.06 on February 2, 2018 for its January 2018 Monthly Fee and related expenses; (d) $204,457.99 on February 23, 2018 for its February 2018 Monthly Fee and related expenses; and (e) $214,602.78 on March 2, 2018 for its March 2018 Monthly Fee and related expenses, including a $10,000 expense retainer.  As of the Petition Date, the Debtor does not owe Moelis any fees for services performed or expenses incurred under the Engagement Letter.  Moelis is still reconciling how much of the expense retainer remains after application of its pre-petition expenses.

## INDEMNIFICATION

20.    As part of the overall compensation payable to Moelis under the terms of the Engagement Letter, the Debtor has agreed to certain indemnification, contribution, and reimbursement obligations, set forth in the Indemnification Agreement.  The Indemnification Agreement provides, among other things, that the Debtor will indemnify and hold harmless Moelis, its affiliates, and its or their respective current or former directors, officers, partners, managers, members, agents, representatives or employees (including any person controlling Moelis or any of its affiliates) (each, an "Indemnified Person" and collectively, the "Indemnified Persons") from and against any losses, claims, damages, expenses or liabilities (collectively,

01:22995723.1

"Losses") (a)(i) related to the Debtor's actions or omissions (or the actions or omissions of the Debtor's officers, directors, employees, and agents other than Moelis) in connection with the Engagement Letter or matters referred to in the Indemnification Agreement, or (ii) related to or arising out of oral or written statements or omissions made or information provided by the Debtor or its agents in connection with the Engagement Letter or the matters referred to in the Indemnification Agreement (including, without limitation, the Information Memo and any other information provided by or on behalf of the Debtor to any purchaser or seller of a security in any transaction contemplated by the Engagement Letter), or (b) otherwise arising out of, related to or in connection with the Engagement Letter or Moelis' performance thereunder or any services or advice the Debtor requests any Indemnified Person to provide (in each case, including prior to the date of the Engagement Letter), except that clause (b) shall not apply to Losses to the extent such Losses are finally judicially determined to have resulted primarily from the bad faith or gross negligence of such Indemnified Person.

21.      The Engagement Letter's indemnification, contribution, and reimbursement provisions were negotiated by the Debtor and Moelis at arm's length and in good faith and the Debtor respectfully submits that the indemnification, contribution, and reimbursement provisions of the Engagement Letter are reasonable, subject to the modifications set forth in the Proposed Order.  I believe that the indemnification provisions in the Engagement Letter are appropriate and reasonable for investment banking engagements both out of court and in chapter 11 cases and reflect the qualifications and limitations on indemnification provisions that are customary in this District and other jurisdictions.

## NO DUPLICATION OF SERVICES

22.      I do not believe that the services to be rendered by Moelis will be duplicative of the services performed by any other professional in the Debtor's chapter 11 case, and Moelis will

use reasonable efforts to coordinate with the Debtor and the other professionals engaged by the Debtor to minimize and avoid duplication of services.

## <u>DISINTERESTEDNESS AND ELIGIBILITY</u>

23.     Moelis has undertaken to determine whether it has any conflicts or other relationships that might cause it not to be eligible for employment by the Debtor in this chapter 11 case.  Specifically, Moelis obtained from the Debtor the names of individuals and entities that may be parties in interest in this chapter 11 case.  Moelis then (a) researched its internal records to determine whether Moelis has any connections with respect to those specific parties listed on **<u>Schedule 1</u>** attached hereto (the "<u>Potential Parties in Interest</u>"); and (b) issued a general inquiry to certain of its officers with respect to the Debtor and certain Potential Parties in Interest.

24.     Based on the foregoing inquiry, other than in connection with this engagement and as otherwise disclosed herein, Moelis has no relationships or connections with the Debtor of which I am aware.  In particular, to the best of my knowledge, information, and belief, neither I, Moelis, nor any of its professionals:

(a)     is a creditor, equity security holder, or insider of the Debtor;

(b)     is or has been within two years before the Petition Date, a director, officer, or employee of the Debtor; or

(c)     has any interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

Accordingly, I believe Moelis is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtor or its estate.

25.     Neither I nor any of the Moelis professionals who will provide services for the Debtor is related to any Judge of this Court, the U.S. Trustee, or Assistant U.S. Trustee for this District, or the U.S. Trustee trial attorney assigned to this chapter 11 case.

26.     To the extent that I have been able to ascertain to date that Moelis has been engaged within the last two years or is currently engaged by any of the Potential Parties in Interest (or their affiliates, as the case may be) in matters unrelated to this chapter 11 case, such facts are disclosed on **Schedule 2** attached hereto.  In addition to the facts disclosed on **Schedule 2**, Moelis may in the future be engaged by parties that are or may become parties in interest in this chapter 11 case.  As this chapter 11 case progresses, new parties may become parties in interest in this chapter 11 case and similarly, Moelis may have been engaged, may be currently engaged, and may in the future be engaged by such new parties in interest in matters unrelated to this chapter 11 case.  Also, Moelis may have engaged or had mutual clients with, may currently engage or have mutual clients with, and may in the future engage or have mutual clients with certain law firms, financial advisors, accounting firms, and other professionals that are Potential Parties in Interest or may become parties in interest, all in matters unrelated to this chapter 11 case.  In addition, Moelis may have also been engaged by, be currently engaged by, or in the future be engaged by persons who are creditors or shareholders of the Debtor, otherwise have a business relationship with the Debtor, or who are competitors or customers of the Debtor.  Potential Parties in Interest, persons that may become parties in interest in this chapter 11 case, and persons that have business relationships with the Debtor, are competitors of the Debtor, or that are customers of the Debtor may be: (a) parties in interest in other bankruptcy cases where Moelis is acting as financial advisor or investment banker to the debtors or to other parties in interest therein; or (b) may be affiliates of or creditors of persons who Moelis may have been

engaged, is currently engaged, or may in the future be engaged by. In the ordinary course of its business, Moelis may also purchase services or products from Potential Parties in Interest and other persons that are or may become parties in interest in this chapter 11 case.

27.     Given the large number of parties in interest in this chapter 11 case, despite the efforts described above to identify and disclose Moelis' relationships with parties in interest in this chapter 11 case, Moelis is unable to state with certainty that every client relationship or other connection has been disclosed. In particular, among other things, Moelis may have relationships with persons who are beneficial owners of parties in interest and persons whose beneficial owners include parties in interest or persons who otherwise have relationships with parties in interest. Moreover, Moelis' employees may have relationships with Potential Parties in Interest, persons that may become parties in interest in this chapter 11 case, and/or persons that have business relationships with the Debtor, are competitors of the Debtor, or that are customers of the Debtor. Continued inquiry will be made following the filing of the Application, on a periodic basis, with additional disclosures to this Court if necessary or otherwise appropriate.

28.     Moelis' parent company, Moelis & Company Group LP, is a subsidiary of Moelis & Company, a public company listed on the NYSE. Moelis & Company is controlled by Kenneth Moelis. Mr. Moelis also controls a separate private company, Moelis Asset Management LP ("Moelis Asset Management"). Moelis Asset Management is operated separately from the public company Moelis & Company and its subsidiaries, including Moelis. The executive officers of Moelis & Company are different from the executive officers of Moelis Asset Management.

29.     Moelis Asset Management has a separate private equity business ("Moelis Capital Partners"), which holds investment positions in various entities, some of which may be parties in

interest in this chapter 11 case.  To the best of my knowledge, Moelis Capital Partners does not hold any investment positions that constitute a conflict of interest that would disqualify Moelis from providing the services described in the Engagement Letter.  The Moelis professionals providing services to the Debtor will not share confidential or otherwise non-public information they receive in the course of this engagement with Moelis Capital Partners.  Accordingly, I believe that Moelis Capital Partners' investment activities do not constitute a conflict of interest that would disqualify Moelis from providing the services described in the Engagement Letter.

30.    Moelis Asset Management also has an economic interest in NexPhase Fund III, a private equity fund managed by NexPhase Capital LP ("NexPhase Capital"), a private equity manager formed by the former Managing Partners of Moelis Capital Partners. NexPhase Capital LLC and NexPhase Fund III Capital are not affiliates of Moelis.  NexPhase Capital is owned and controlled by its investment management team.  Moelis, Moelis Asset Management and Kenneth Moelis do not have control or influence or participate in the investment decisions of NexPhase Capital.  Moelis Asset Management is entitled to 25% of the carried interest of NexPhase Fund III.  In addition, Moelis Asset Management and Kenneth Moelis own up to $7.5 million and $7.5 million, respectively, of limited partnership interests in NexPhase Fund III.  NexPhase Fund III holds investment positions in various entities, some of which may be parties in interest in this chapter 11 case.  The Moelis professionals providing services to the Debtor will not share confidential or otherwise nonpublic information they receive in the course of this engagement with NexPhase Capital.  Accordingly, I believe that NexPhase Capital's investment activities do not constitute a conflict of interest that would disqualify Moelis from providing the services described in the Engagement Letter.

31.     Moelis Asset Management has a separate credit-focused investment management business ("Gracie Credit").  Gracie Credit is operated as a separate business from Moelis, and Gracie Credit will continue to be operated in separate legal and operating entities from Moelis. Gracie Credit employees will not work on this chapter 11 case and Moelis employees working on this chapter 11 case will not have any involvement in Gracie Credit's investment decisions. Moelis and Gracie Credit maintain strict compliance information barriers between Moelis on the one hand and Gracie Credit on the other hand to ensure that: (i) no Moelis employee will disclose any non-public information concerning the Debtor or this chapter 11 case to any Gracie Credit employee; and (ii) no Gracie Credit employee will disclose any non-public information concerning a Gracie Credit position or Gracie Credit's intention with respect to any consent, waiver, tender, or vote decision to any Moelis employee.  Moelis and Gracie Credit currently have separate offices with access to the other's offices physically restricted and use separate Internet email addresses (@moelis.com and @graciecap.com, respectively).  Gracie Credit may, in the ordinary course, from time to time, hold investment positions in the Debtor and parties in interest in this chapter 11 case.  Based on the business separation and compliance information barriers referred to above, Gracie Credit's investment activities do not constitute a conflict of interest that would disqualify Moelis from providing services described in the Engagement Letter.

32.     Moelis Asset Management has a separate direct lending business, Freeport Financial Group ("Freeport").  Freeport is operated as a separate business from Moelis, and Freeport will continue to be operated in separate legal and operating entities from Moelis. Freeport employees will not be working on this chapter 11 case and Moelis employees working on this chapter 11 case will not have any involvement in Freeport's investment decisions.

Moelis and Freeport maintain strict compliance information barriers between Moelis on the one hand and Freeport on the other hand to ensure that: (i) no Moelis employee will disclose any non-public information concerning the Debtor or this chapter 11 case to any Freeport employee and (ii) no Freeport employee will disclose any non-public information concerning a Freeport position or Freeport's intention with respect to any consent, waiver, tender, or vote decision to any Moelis employee.  Moelis and Freeport currently have separate offices with access to the other's offices physically restricted and use separate Internet email addresses (@moelis.com and @freeportfinancial.com, respectively).  Freeport may, in the ordinary course, from time to time, hold investment positions in the Debtor and parties in interest in this chapter 11 case.  Based on the business separation and compliance information barriers referred to above, Freeport's investment activities do not constitute a conflict of interest that would disqualify Moelis from providing services described in the Engagement Letter.

33.    Moelis Asset Management has a business of managing collateralized loan obligations through a subsidiary Steele Creek Investment Management LLC ("Steele Creek"). Steele Creek is operated as a separate business from Moelis, and Steele Creek will continue to be operated in separate legal and operating entities from Moelis.  Steele Creek employees will not be working on this chapter 11 case and Moelis employees working on this chapter 11 case will not have any involvement in Steele Creek's investment decisions.  Moelis and Steele Creek maintain strict compliance information barriers between Moelis on the one hand and Steele Creek on the other hand to ensure that: (i) no Moelis employee will disclose any non-public information concerning the Debtor or this chapter 11 case to any Steele Creek employee and (ii) no Steele Creek employee will disclose any non-public information concerning a Steele Creek position or Steele Creek's intention with respect to any consent, waiver, tender, or vote

decision to any Moelis employee.   Moelis and Steele Creek currently have separate offices.

Moelis and Steele Creek also currently use separate Internet email addresses (@moelis.com and

@steelecreek.com, respectively).   Steele Creek may, in the ordinary course, from time to time,

hold investment positions in the Debtor and parties in interest in this chapter 11 case.   Based on

the business separation and compliance information barriers referred to above, Steele Creek's

investment activities do not constitute a conflict of interest that would disqualify Moelis from

providing services described in the Engagement Letter.

34.     To the best of my knowledge, information, and belief, some of Moelis' present

and future employees may have, or may in the future have, personal investments in funds or

other investment vehicles over whose investment decisions such employees have no input or

control.   Such entities may have made, or may in the future make, investments in the claims or

securities of the Debtor, or those of its creditors or other parties in interest in this chapter 11 case.

35.     Moelis will not share any compensation to be paid by the Debtor in connection

with services to be performed after the Petition Date with any person, other than other principals

and employees of Moelis, to the extent required by section 504 of the Bankruptcy Code.   In the

ordinary course of its business, Moelis regularly retains the services of senior advisors with

specific industry or other expertise to supplement the financial advisory services offered by

Moelis' regular employees to Moelis' clients.   Upon Moelis' engagement on a particular

assignment, one such senior advisor may be assigned to assist the other Moelis professionals for

such engagement.   Such advisor acts under the management of the Moelis Managing Director

who retains the lead role and primary responsibility for such assignment.   The fees and expenses

of such senior advisor are paid solely by Moelis.   The Debtor submits that such senior advisors

are regular associates of Moelis within the meaning of section 504 of the Bankruptcy Code.

01:22995723.1

Dated:  March 16, 2018                          MOELIS & COMPANY LLC
Wilmington, Delaware

                                                /s/ Adam B. Keil
                                                Adam B. Keil
                                                Managing Director

## Schedule 1

## POTENTIAL PARTIES IN INTEREST — HCR MANORCARE, INC.

### Debtor

HCR ManorCare, Inc.

### Former, Assumed and Trade Names of the Debtor

HCRMC Operations, LLC
HCR ManorCare, LLC

### Current and Former Directors and Officers of the Debtor

Ormond, Paul A.

### Non-Debtor Affiliates

Arden Courts of Akron OH, LLC
Arden Courts of Allentown PA, LLC
Arden Courts of Annandale VA, LLC
Arden Courts of Arlington TX, LLC
Arden Courts of Austin TX, LLC
Arden Courts of Avon Ct, LLC
Arden Courts of Bingham Farms MI, LLC
Arden Courts of Centreville VA, LLC
Arden Courts of Cherry Hill NJ, LLC
Arden Courts of Delray Beach FL, LLC
Arden Courts of Elk Grove Village IL, LLC
Arden Courts of Farmington Ct, LLC
Arden Courts of Ft. Myers FL, LLC
Arden Courts of Geneva IL, LLC
Arden Courts of Germantown MD, LLC
Arden Courts of Glen Ellyn IL, LLC
Arden Courts of Hamden Ct, LLC
Arden Courts of Hazel Crest IL, LLC
Arden Courts of Jefferson Hills PA, LLC
Arden Courts of Kensington MD, LLC
Arden Courts of Kenwood OH, LLC
Arden Courts of King of Prussia PA, LLC
Arden Courts of Largo FL, LLC
Arden Courts of Livonia MI, LLC
Arden Courts of Louisville KY, LLC
Arden Courts of Monroeville PA, LLC
Arden Courts of Northbrook IL, LLC
Arden Courts of Palm Harbor FL, LLC
Arden Courts of Palos Heights IL, LLC
Arden Courts of Parma OH, LLC
Arden Courts of Pikesville MD, LLC
Arden Courts of Potomac MD, LLC
Arden Courts of Richardson TX, LLC
Arden Courts of San Antonio TX, LLC

Arden Courts of Sarasota FL, LLC
Arden Courts of Seminole FL, LLC
Arden Courts of Silver Spring MD, LLC
Arden Courts of South Holland IL, LLC
Arden Courts of Sterling Heights MI, LLC
Arden Courts of Tampa FL, LLC
Arden Courts of Towson MD, LLC
Arden Courts of W. Orange NJ, LLC
Arden Courts of W. Palm Beach FL, LLC
Arden Courts of Wayne NJ, LLC
Arden Courts of Westlake OH, LLC
Arden Courts of Whippany NJ, LLC
Arden Courts of Wilmington De, LLC
Arden Courts of Winter Springs FL, LLC
Arden Courts of Yardley PA, LLC
Arden Courts-Anderson of Cincinnati OH, LLC
Arden Courts-Bainbridge of Chagrin Falls OH, LLC
Arden Courts-Fair Oaks of Fairfax VA, LLC
Arden Courts-Lely Palms of Naples FL, LLC
Arden Courts-North Hills of Pittsburgh PA, LLC
Arden Courts-Susquehanna of Harrisburg PA, LLC
Arden Courts-Warminster of Hatboro PA, LLC
HCR Manor Care Services of Florida III, LLC
HCR Manor Care Services of Florida, LLC
HCR Manor Care Services, LLC
HCR ManorCare Heartland, LLC
HCR ManorCare Medical Services of Florida, LLC
HCR ManorCare Operations II, LLC
Heartland Care, LLC
Heartland Employment Services, LLC
Heartland Healthcare Services, LLC
Heartland Home Care, LLC
Heartland Home Health Care Services, LLC
Heartland Hospice Services, LLC
Heartland of Adelphi MD, LLC
Heartland of Allen Park MI, LLC
Heartland of Ann Arbor MI, LLC
Heartland of Austin TX, LLC
Heartland of Battle Creek MI, LLC
Heartland of Beckley WV, LLC
Heartland of Bedford TX, LLC
Heartland of Bellefontaine OH, LLC
Heartland of Boca Raton FL, LLC
Heartland of Boynton Beach FL, LLC
Heartland of Brooksville FL, LLC
Heartland of Bucyrus OH, LLC
Heartland of Canton IL, LLC
Heartland of Canton MI, LLC
Heartland of Centerburg OH, LLC
Heartland of Centerville OH, LLC

Heartland of Champaign IL, LLC
Heartland of Chillicothe OH, LLC
Heartland of Clarksburg WV, LLC
Heartland of Dearborn Heights MI, LLC
Heartland of Decatur IL, LLC
Heartland of Eaton OH, LLC
Heartland of Fort Myers FL, LLC
Heartland of Galesburg IL, LLC
Heartland of Grand Rapids MI, LLC
Heartland of Greenville OH, LLC
Heartland of Henry IL, LLC
Heartland of Hillsboro OH, LLC
Heartland of Holland MI, LLC
Heartland of Hyattsville MD, LLC
Heartland of Ionia MI, LLC
Heartland of Jackson MI, LLC
Heartland of Jackson OH, LLC
Heartland of Jacksonville FL, LLC
Heartland of Kalamazoo MI, LLC
Heartland of Kendall FL, LLC
Heartland of Kettering OH, LLC
Heartland of Keyser WV, LLC
Heartland of Lauderhill FL, LLC
Heartland of Macomb IL, LLC
Heartland of Madeira OH, LLC
Heartland of Marietta OH, LLC
Heartland of Marion OH, LLC
Heartland of Martinsburg WV, LLC
Heartland of Marysville OH, LLC
Heartland of Mentor OH, LLC
Heartland of Miamisburg OH, LLC
Heartland of Moline IL, LLC
Heartland of Normal IL, LLC
Heartland of Orange Park FL, LLC
Heartland of Oregon OH, LLC
Heartland of Paxton IL, LLC
Heartland of Peoria IL, LLC
Heartland of Perrysburg OH, LLC
Heartland of Piqua OH, LLC
Heartland of Pittsburgh PA, LLC
Heartland of Platteville WI, LLC
Heartland of Portsmouth OH, LLC
Heartland of Rainelle WV, LLC
Heartland of Saginaw MI, LLC
Heartland of San Antonio TX, LLC
Heartland of Sarasota FL, LLC
Heartland of Springfield OH, LLC
Heartland of Tamarac FL, LLC
Heartland of Three Rivers MI, LLC
Heartland of Urbana OH, LLC
Heartland of Waterville OH, LLC
Heartland of Wauseon OH, LLC
Heartland of West Bloomfield MI, LLC
Heartland of West Houston TX, LLC
Heartland of Whitehall MI, LLC
Heartland of Zephyrhills FL, LLC

Heartland Pharmacy of Illinois, LLC
Heartland Pharmacy of Pennsylvania, LLC
Heartland Rehabilitation Extension Services, LLC
Heartland Rehabilitation Services of Florida, LLC
Heartland Rehabilitation Services of Kentucky, LLC
Heartland Rehabilitation Services of Michigan, LLC
Heartland Rehabilitation Services of New Jersey, LLC
Heartland Rehabilitation Services of Ohio, LLC
Heartland Rehabilitation Services of Virginia, LLC
Heartland Rehabilitation Services, LLC
Heartland Services, LLC
Heartland Therapy Provider Network, LLC
Heartland Village of Westerville OH (NC), LLC
Heartland Village of Westerville OH (RC), LLC
Heartland-Beavercreek of Dayton OH, LLC
Heartland-Briarwood MI, LLC
Heartland-Charleston of Hanahan SC, LLC
Heartland-Crestview MI, LLC
Heartland-Dorvin of Livonia MI, LLC
Heartland-Fairfield of Pleasantville OH, LLC
Heartland-Fostrian of Flushing MI, LLC
Heartland-Georgian Bloomfield of Bloomfield Hills MI, LLC
Heartland-Georgian East of Grosse Pointe MI, LLC
Heartland-Greenview MI, LLC
Heartland-Hampton of Bay City MI, LLC
Heartland-Holly Glen of Toledo OH, LLC
Heartland-Indian Lake of Lakeview OH, LLC
Heartland-Knollview MI, LLC
Heartland-Lansing of Bridgeport OH, LLC
Heartland-Miami Lakes of Hialeah FL, LLC
Heartland-Mt. Airy of Cincinnati OH, LLC
Heartland-Oak Pavilion of Cincinnati OH, LLC
Heartland-Oakland MI, LLC
Heartland-Pewaukee of Waukesha WI, LLC
Heartland-Plymouth Court MI, LLC
Heartland-Preston County of Kingwood WV, LLC
Heartland-Prestwick In, LLC
Heartland-Prosperity Oaks of Palm Beach Gardens FL, LLC
Heartland-Riverview of East Peoria IL (SNF), LLC
Heartland-Riverview of South Point OH, LLC
Heartland-South Jacksonville of Jacksonville FL, LLC
Heartland-University of Livonia MI, LLC
Heartland-Victorian Village of Columbus OH, LLC
Heartland-Washington Manor of Kenosha WI, LLC
Heartland-Willow Lane of Butler Mo, LLC
Heartland-Willowbrook of Houston TX, LLC
Heartland-Woodridge Assisted Living of Fairfield OH, LLC
Heartland-Woodridge of Fairfield OH, LLC
Manor Care Aviation, LLC
Manor Care Insurance Inc.
Manor Care- Lely Palms of Naples Fl (Sh), LLC

Manor Care Nursing Center of Sarasota FL, LLC
Manor Care of Aberdeen SD, LLC
Manor Care of Akron OH, LLC
Manor Care of Alexandria VA, LLC
Manor Care of Allentown PA, LLC
Manor Care of Anderson In, LLC
Manor Care of Arlington VA, LLC
Manor Care of Barberton OH, LLC
Manor Care of Bethel Park PA, LLC
Manor Care of Bethesda MD, LLC
Manor Care of Bethlehem Pa (2021), LLC
Manor Care of Bethlehem Pa (2029), LLC
Manor Care of Boca Raton FL, LLC
Manor Care of Boulder Co, LLC
Manor Care of Boynton Beach FL, LLC
Manor Care of Camp Hill PA, LLC
Manor Care of Carlisle PA, LLC
Manor Care of Cedar Rapids IA, LLC
Manor Care of Chambersburg PA, LLC
Manor Care of Cherry Hill NJ, LLC
Manor Care of Chevy Chase MD, LLC
Manor Care of Citrus Heights CA, LLC
Manor Care of Dallas TX, LLC
Manor Care of Dallastown PA, LLC
Manor Care of Davenport IA, LLC
Manor Care of Delaware County, LLC
Manor Care of Delray Beach FL, LLC
Manor Care of Denver Co, LLC
Manor Care of Dubuque IA, LLC
Manor Care of Dunedin FL, LLC
Manor Care of Easton PA, LLC
Manor Care of Elgin IL, LLC
Manor Care of Elizabethtown PA, LLC
Manor Care of Elk Grove Village IL, LLC
Manor Care of Fargo ND, LLC
Manor Care of Florissant Mo, LLC
Manor Care of Fond Du Lac WI, LLC
Manor Care of Fort Worth TX (NRH), LLC
Manor Care of Fort Worth TX (NW), LLC
Manor Care of Fountain Valley CA, LLC
Manor Care of Ft. Myers FL, LLC
Manor Care of Gig Harbor WA, LLC
Manor Care of Green Bay WI (East), LLC
Manor Care of Green Bay WI (West), LLC
Manor Care of Hemet CA, LLC
Manor Care of Hinsdale IL, LLC
Manor Care of Homewood IL, LLC
Manor Care of Huntingdon Valley PA, LLC
Manor Care of Indy (South) In, LLC
Manor Care of Jersey Shore PA, LLC
Manor Care of Kankakee IL, LLC
Manor Care of King of Prussia PA, LLC
Manor Care of Kingsford MI, LLC
Manor Care of Kingston PA, LLC
Manor Care of Lacey WA, LLC
Manor Care of Lancaster PA, LLC

Manor Care of Laureldale PA, LLC
Manor Care of Lebanon PA, LLC
Manor Care of Libertyville IL, LLC
Manor Care of Lynnwood WA, LLC
Manor Care of Marietta Ga, LLC
Manor Care of Mayfield Heights OH, LLC
Manor Care of Mcmurray PA, LLC
Manor Care of Midwest City Ok, LLC
Manor Care of Minot ND, LLC
Manor Care of Monroeville PA, LLC
Manor Care of Mountainside NJ, LLC
Manor Care of Naperville IL, LLC
Manor Care of Naples FL, LLC
Manor Care of New Providence NJ, LLC
Manor Care of North Olmsted OH, LLC
Manor Care of Northbrook IL, LLC
Manor Care of Oak Lawn (East) IL, LLC
Manor Care of Oak Lawn (West) IL, LLC
Manor Care of Oklahoma City (Northwest), LLC
Manor Care of Oklahoma City (Southwest), LLC
Manor Care of Overland Park KS, LLC
Manor Care of Palm Desert CA, LLC
Manor Care of Palm Harbor FL, LLC
Manor Care of Palos Heights (West) IL, LLC
Manor Care of Palos Heights IL, LLC
Manor Care of Parma OH, LLC
Manor Care of Pinehurst NC, LLC
Manor Care of Plantation FL, LLC
Manor Care of Potomac MD, LLC
Manor Care of Pottstown PA, LLC
Manor Care of Pottsville PA, LLC
Manor Care of Reno NV, LLC
Manor Care of Rolling Meadows IL, LLC
Manor Care of Salmon Creek WA, LLC
Manor Care of San Antonio (North) TX, LLC
Manor Care of Shawano WI, LLC
Manor Care of Silver Spring MD, LLC
Manor Care of Sinking Spring PA, LLC
Manor Care of South Holland IL, LLC
Manor Care of South Ogden UT, LLC
Manor Care of Spokane WA, LLC
Manor Care of Springfield Mo, LLC
Manor Care of Sunbury PA, LLC
Manor Care of Sunnyvale CA, LLC
Manor Care of Tacoma WA, LLC
Manor Care of Topeka Ks, LLC
Manor Care of Towson, LLC
Manor Care of Tucson AZ, LLC
Manor Care of Tulsa Ok, LLC
Manor Care of Venice FL, LLC
Manor Care of Voorhees NJ, LLC
Manor Care of W. Palm Beach FL, LLC
Manor Care of Walnut Creek CA, LLC
Manor Care of Waterloo IA, LLC
Manor Care of Webster TX, LLC
Manor Care of West Des Moines IA, LLC

Manor Care of West Reading PA, LLC
Manor Care of Westerville OH, LLC
Manor Care of Westmont IL, LLC
Manor Care of Wheaton MD, LLC
Manor Care of Wichita Ks, LLC
Manor Care of Williamsport Pa (North), LLC
Manor Care of Williamsport Pa (South), LLC
Manor Care of Willoughby OH, LLC
Manor Care of Wilmette IL, LLC
Manor Care of Wilmington De, LLC
Manor Care of Winter Park FL, LLC
Manor Care of Yardley PA, LLC
Manor Care of Yeadon PA, LLC
Manor Care of York Pa (North), LLC
Manor Care of York Pa (South), LLC
Manor Care Rehabilitation Center of Decatur Ga, LLC
Manor Care Supply, LLC
Manor Care, Inc.
Manor Care-Belden Village of Canton OH, LLC
Manor Care-Carrollwood of Tampa FL, LLC
Manor Care-Dulaney MD, LLC
Manor Care-Euclid Beach of Cleveland OH, LLC
Manor Care-Fair Oaks of Fairfax VA, LLC
Manor Care-Greentree of Pittsburgh PA, LLC
Manor Care-Imperial of Richmond VA, LLC
Manor Care-Kingston Court of York PA, LLC
Manor Care-Lansdale of Montgomeryville PA, LLC
Manor Care-Largo MD, LLC
Manor Care-Linden Village of Lebanon PA, LLC
Manor Care-North Hills of Pittsburgh PA, LLC
Manor Care-Pike Creek of Wilmington De, LLC
Manor Care-Rocky River of Cleveland OH, LLC
Manor Care-Roland Park MD, LLC
Manor Care-Rossville MD, LLC
Manor Care-Ruxton MD, LLC
Manor Care-Sharpview of Houston TX, LLC
Manor Care-Stratford Hall of Richmond VA, LLC
Manor Care-Summer Trace of Carmel In, LLC
Manor Care-Tice Valley CA, LLC
Manor Care-West Deptford of Paulsboro NJ, LLC
Manor Care-Woodbridge Valley MD, LLC
ManorCare Health Services of Oklahoma, LLC
ManorCare Health Services of Toledo OH, LLC
ManorCare Health Services, LLC

## Landlords

HCP I-B Properties, LLC
HCP Maryland Properties, LLC
HCP Properties of Alexandria VA, LLC
HCP Properties of Arlington VA, LLC
HCP Properties of Midwest City OK, LLC
HCP Properties of Oklahoma City (Northwest), LLC
HCP Properties of Oklahoma City (Southwest), LLC
HCP Properties of Tulsa OK, LLC

HCP Properties, LP
HCP Properties-Arden Courts of Annandale VA, LLC
HCP Properties-Charleston of Hanahan SC, LLC
HCP Properties-Columbia SC, LLC
HCP Properties-Fair Oaks of Fairfax VA, LLC
HCP Properties-Imperial of Richmond VA, LLC
HCP Properties-Lexington SC, LLC
HCP Properties-Medical Care Center-Lynchburg VA, LLC
HCP Properties-Oakmont East-Greenville SC, LLC
HCP Properties-Oakmont of Union SC, LLC
HCP Properties-Oakmont West-Greenville SC, LLC
HCP Properties-Stratford Hall of Richmond VA, LLC
HCP Properties-West Ashley-Charleston SC, LLC
HCP Properties-Salmon Creek WA, LLC
HCP Properties-Utica Ridge IA, LLC
HCP Properties-Wingfield Hills NV, LLC
HCP Schoenherr-Road Property, LLC
HCP Sterling Heights MI Property, LLC
HCP Twinsburg OH Property, LLC
HCP West Virginia Properties, LLC
Quality Care Properties, Inc.

## Debtor Professionals

Aon Consulting, Inc.
AP Services LLC (AlixPartners)
Epiq Bankruptcy Solutions
Latham & Watkins, LLP
Moelis & Company LLC
Sidley Austin LLP
Young Conaway Stargatt & Taylor, LLP

## Quality Care Properties Professionals

Alvarez & Marsal North America, LLC
Arent Fox
Dechert
Ernst & Young
Houlihan Lokey Capital, Inc.
Lazard Frères & Co., LLC
Marsh Risk Consultants
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Simione Healthcare Consultants
Sullivan & Cromwell LLP

## Greater than 5% Equity Holders

Carlyle Partners V MC, L.P.
Carlyle MC Partners, L.P.
MC Operations Investments, Inc.
Ormond, Paul A.

**Largest Unsecured Creditors**

Quality Care Properties, Inc.

**Lenders to Non-Debtor Affiliates**

RD Credit, LLC (c/o Centerbridge Partners, L.P.)

## Schedule 2

## RELATIONSHIPS WITH POTENTIAL PARTIES IN INTEREST

Moelis (and its financial advisory affiliates) has been engaged within the last two years or is currently engaged or verbally mandated to be engaged by the following Potential Parties in Interest (or one or more of their affiliates, as the case may be) in matters unrelated to this case (including where the Potential Party in Interest was only a member of an official or an ad hoc creditor committee or an equity committee):

- Aon Consulting, Inc.
- Carlyle Partners V MC, L.P.
- Carlyle MC Partners, L.P.
- Centerbridge Partners